IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-19-PLR-DCP |
| | ) | |
| MARILYN YVETTE COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on August 29, 2018, for a status conference on the Defendant's need for a mental evaluation and a motion hearing on Defendant's Motion to Review Appointment of Counsel [Doc. 24], filed on June 6, 2018. Assistant United States Attorney Frank M. Dale, Jr., represented the Government. Attorney Robert R. Kurtz appeared with the Defendant, who was also present.

By way of background, the Court observes that the parties previously appeared on June 14, 2018, for a motion hearing to review the attorney-client relationship. At that hearing, AUSA Dale questioned whether the Defendant is competent to proceed, in light of her bizarre *pro se* filings in this case. Mr. Dale suggested that these filings, in which the Defendant calls herself a creditor and a private banker and attempts to disconnect from her role as the defendant in this case, reveal that she is delusional and unable to represent herself. Mr. Kurtz stated that he sees the *pro se* filings as the Defendant advancing her ideology, rather than an indication that she is

incompetent, and that he did not deem it necessary to file a motion for a competency determination. He also noted that Defendant Cook had had a prior competency evaluation in a separate federal case. After conducting a sealed, *ex parte* hearing with the Defendant and Mr. Kurtz, the Court expressed concern with regard to a potential competency issue in this case. Accordingly, the Court directed Mr. Kurtz to arrange for a preliminary mental evaluation by a local mental health provider to assist the Court in determining whether reasonable cause exists to set a competency hearing and to require an inpatient competency evaluation at a Bureau of Prisons ("BOP") facility. The Court set a status and pretrial conference for July 25, 2018.

On July 24, 2018, Mr. Kurtz contacted Chambers, asking to continue the status conference thirty days, in order to give Dr. Phil Axtell, who was performing the preliminary evaluation, additional time to review the Defendant's mental health records and complete his evaluation. AUSA Dale did not object to this continuance, and the Court reset the status conference to August 29, 2018. Additionally, on July 25, 2018, Mr. Kurtz moved [Doc. 34] for the release of the sealed 2005 forensic report of the Defendant's prior competency evaluation at the BOP to Dr. Axtell and counsel for both parties. The Court permitted [Doc. 36] the release of the 2005 forensic report, which has been filed [Doc. 35] under seal in this case, to Dr. Axtell and counsel, who must maintain it under seal.

On August 28, 2018, the Court received a letter from Dr. Axtell, stating that he met with Defendant Cook on July 23, 2018; reviewed the Defendant's records from the Knox County Detention Center; reviewed the 2005 forensic report; and spoke with defense counsel, who did not express any concerns about the Defendant's ability to assist with her defense. Dr. Axtell stated that the Defendant refused to meet with him on August 24 and 27, 2018, and that, as a result, he is

"unable to comment regarding her Competency, or not, to Stand Trial with any psychological certainty." However, he observed that based upon his July 23 meeting with her, she did not appear to be suffering from a severe mental disease or defect, delusional thinking, or psychosis.

At the August 29 hearing, the Court initially noted that based upon the letter from Dr. Axtell and Mr. Kurtz's decision not to file a motion for a competency hearing, after extended interaction with Defendant Cook, the Court felt comfortable proceeding at this time without a full mental evaluation of the Defendant's competency. AUSA Dale stated that he interpreted Dr. Axtell's letter differently. He observed that despite considerable effort and expense, the Defendant had refused to cooperate with Dr. Axtell's evaluation and declined to meet with him twice. Thus, Dr. Axtell was not able to complete his evaluation or to make a determination with regard to the Defendant's competency. AUSA Dale noted that during the pendency of this issue, the Defendant has continued to file nonsensical *pro se* pleadings in the record. Mr. Dale argued that the Court should not permit the Defendant to avoid a competency evaluation due to her own contemptuous failure to cooperate. Moreover, he was concerned that the failure to resolve the competency issue at this point would leave any future conviction of the Defendant vulnerable to attack on appeal. AUSA Dale asked that the Court to commit the Defendant for a full mental evaluation at a BOP facility, where her lack of cooperation would be less of an issue.

Mr. Kurtz took no position with regard to whether the Court should commit the Defendant to a BOP facility for a mental evaluation of her competency. He consulted with Defendant Cook and related that she claims that she refused to meet with Dr. Axtell on August 24 and 27, because those meetings were outside the time for the preliminary evaluation set by the Court. Mr. Kurtz stated that Defendant Cook is willing to meet with Dr. Axtell again, if the Court extends the time for evaluation and if Dr. Axtell appears within the extension given by the Court. AUSA Dale did not object to permitting additional time for Dr. Axtell to meet with Defendant

3

Cook.  He said that permitting Dr. Axtell to complete his evaluation would conserve resources and establish a base line for any additional mental evaluation.  During a recess, Mr. Kurtz checked with Dr. Axtell, who stated that he could meet with Defendant Cook on Friday, August 31, and that he could submit another letter[1] to the Court on Wednesday, September 5, 2018.  Mr. Kurtz relayed that at the meeting, Dr. Axtell intends to conduct the standard competency evaluation interview, which is the tool Dr. Axtell uses to perform state competency evaluations.  Mr. Kurtz said that this interview would indicate to Dr. Axtell whether a full competency evaluation is necessary.

The Court reminded the parties that Dr. Axtell is not determining whether the Defendant is competent but, instead, is evaluating whether, in his opinion, reasonable cause exists to believe that Defendant Cook may be presently suffering from a mental disease or defect that renders her unable to understand the nature and consequences of the proceedings or to assist properly with her defense.  *See* 18 U.S.C. § 4241(a).  Accordingly, the Court **ORDERS** that Defendant participate in an extension of the previous preliminary mental evaluation, which the undersigned ordered on June 14, 2018.  The Defendant is **ORDERED** to meet with Dr. Axtell on Friday, August 31, 2018, or another date between the time of the August 29 hearing and September 6, 2018, and to cooperate with his administration of a competency interview and evaluation.  Defendant is cautioned that her failure to comply with this order could result in her being held in contempt of Court.  If, for some reason, the meeting with Dr. Axtell cannot occur within the time frame provided in this Memorandum and Order, defense counsel is to file a motion for another extension of the preliminary evaluation.  The parties are to appear before the undersigned on **September 6, 2018, at 2:00 p.m.**, for a status conference on the question of the Defendant's mental

---

[1] Mr. Kurtz stated that Dr. Axtell would not have time to provide a full report to the Court by September 5, 2018.

evaluation. If the Court finds that no further mental evaluation is necessary, the Court will also take up the Defendant's Motion to Review Appointment of Counsel [Doc. 24].

Accordingly, the Court **ORDERS** as follows:

(1) The time for Dr. Axtell's preliminary mental evaluation of Defendant Cook is extended to **September 6, 2018**. The purpose of this preliminary mental evaluation is to assist the Court in determining whether reasonable cause exists to believe that Defendant Cook may be presently suffering from a mental disease or defect that renders her unable to understand the nature and consequences of the proceedings or to assist properly with her defense, pursuant to 18 U.S.C. § 4241(a);

(2) Defendant Cook is **ORDERED** to participate in a meeting with Dr. Axtell and to cooperate in a mental evaluation during this meeting on **August 31, 2018**, or some time before **September 6, 2018**;

(3) The parties are to appear before the undersigned for a status conference and motion hearing on **September 6, 2018, at 2:00 p.m.**;

(4) Dr. Axtell is **DIRECTED** to provide a letter to the Court and counsel for both parties, stating the results of his preliminary mental evaluation of the Defendant. Dr. Axtell must submit this letter on **September 5, 2018**, or no later than the status conference on September 6, 2018; and

(5) This case remains set for trial on **September 25, 2018**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

5