IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-19-PLR-DCP |
| MARILYN YVETTE COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the following pending *pro se* dispositive motions by Defendant Marilyn Yvette Cook:

(1) Motion Demanding Article III Proceedings, Under Article III of the Constitution of the United States of America in an Article III Court [Doc. 65], filed on February 7, 2019;[1]

(2) Motion for Summary Judgment [Doc. 77-1], filed on March 26, 2019;[2]

---

[1] The Court finds the following documents and motions to be related to the Defendant's motions challenging the undersigned's jurisdiction: Notice of Non-Participation in Public Policy Proceedings 7/30/19 [Doc. 67], and Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate [Doc. 69-1]. The undersigned will also address the claims raised in these filings as a part of the jurisdiction analysis.

[2] The Court deems the Defendant's Motion for the Court to take Judicial Notice of the Fact, "Bill of Exchange, No. MYBBOE 3211941" Presented to Regions Bank is Not False and Fictitious and It Was Not "Issued under the Authority of the United States" [Doc. 88-1] to be related to the Defendant's Motion for Summary Judgment. The Court will consider this filing [Doc. 88-1] to be a supplement to the Motion for Summary Judgment.

1

(3) Motion for Collateral Estoppel Against First Superseding Indictment [Doc. 89-1], filed on April 14, 2019;

(4) Second Motion Demanding Article III Proceedings, Under Article III of the Constitution of the United States of America in front of an Article III Judge in an Article III Court [Doc. 91-1], filed on April 18, 2019; and

(5) Motion to Produce Monetary Value on "First Superseding Indictment" Dated April 2, 2019 [Doc. 93-1], filed on May 1, 2019.[3]

Essentially, in these motions, Defendant Cook challenges the jurisdiction of the Court and calls for the dismissal of the charges.

Based upon the filings, arguments, and relevant law, the Court finds that it has jurisdiction over the Defendant and her charges, that the undersigned has jurisdiction over the Defendant's pretrial proceedings, and that the Defendant's requests for dismissal of the charges based upon theories of summary judgment and collateral estoppel, as well as her own dispensation of the charging instrument, are erroneous and without basis in fact or law. Accordingly, the undersigned recommends that the Defendant's motions and related filings be denied.

I.  BACKGROUND

On February 21, 2018, the grand jury returned an Indictment [Doc. 1] against Marilyn Yvette Cook,[4] charging that on October 12, 2017, the Defendant, acting with intent to defraud, presented a fictitious financial instrument, entitled "Bill of Exchange," to the Regions

---

[3] On May 17, 2019, Defendant Cook filed a Motion to Add Acknowledgement, Endorsement and Assignment of "First Superseding Indictment/True Bill" #3:18-CR-19 to Doc. 93 [Doc. 103-1]. The Court will treat this filing as a supplement to the Defendant's Motion to Produce Monetary Value on "First Superseding Indictment" Dated April 2, 2019 [Doc. 93-1].

[4] The Indictment alleges that Marilyn Yvette Cook is also known as Marilyn Yvette Powell, Marilyn Sunset, and Marilyn Arinze.

2

Bank branch in Alcoa, Tennessee. Defendant Cook first appeared in this case on March 26, 2018, and at that time, the Court appointed [Doc. 7] Attorney R. Deno Cole to represent the Defendant. On May 9, 2018, the Court permitted [Doc. 17] Mr. Cole to withdraw and appointed Attorney Robert R. Kurtz as Defendant's counsel of record. Following the undersigned's determination that Defendant Cook is competent [Doc. 64] on January 31, 2019, the Court permitted Defendant Cook to represent herself and appointed Mr. Kurtz to serve as elbow counsel. The Defendant then filed several pretrial motions.[5] The Government responded [Doc. 73] to the Defendant's motions, and Defendant Cook filed a written reply [Doc. 78].

The Court held a hearing on the Defendant's motions filed after the original indictment on March 28, 2019. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Defendant Cook represented herself with the assistance of elbow counsel Attorney Robert R. Kurtz. The Court heard the arguments of the parties and set a response deadline for Defendant's Motion for Summary Judgment [Doc. 77-1], which the Defendant had filed just before the motion hearing, due to a problem with her inmate identification number. The Defendant filed a written response [Doc. 84-1] to the Government's oral argument on her Motion for Summary Judgment. The Government timely filed a response [Doc. 87] on April 5, 2019.

A First Superseding Indictment [Doc. 81] ("Superseding Indictment"), adding a second charge of presenting a false claim for payment of a tax refund, against Defendant Cook,[6]

---

[5] Defendant Cook made numerous *pro se* filings, while represented by counsel, which the Court declines to consider in this case because they violate Local Rule 83.4(c), which prohibits a party from filing documents in his or her own behalf while represented by counsel.

[6] The Superseding Indictment charges Marilyn Yvette Cook, also known as Marilyn Yvette Powell, also known as Marilyn Sunset, also known as Marilyn Arinze, a resident of Alcoa, Tennessee.

was filed on April 2, 2019. The parties appeared for an arraignment on the Superseding Indictment on April 24, 2019. AUSA Dale again represented the United States, and Defendant Cook again represented herself, with the assistance of Mr. Kurtz. At that time, the Court permitted the Defendant to file motions relating to the Superseding Indictment by May 8, 2019. Defendant Cook filed additional pretrial motions, and the Government timely filed an additional response [Doc. 101]. The Court now finds that the matters are ripe for determination.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Defendant contends that the undersigned United States Magistrate Judge lacks personal and subject matter jurisdiction in this case and calls for the dismissal of the charges based upon theories of summary judgment and collateral estoppel. She also purports to have discharged the charges by "accepting" the Superseding Indictment for "value." For the reasons stated herein, the Court finds no basis for the dismissal of the Superseding Indictment or the case as a whole and **RECOMMENDS** that the Defendant's motions and related filings be denied.

### A. This Court has Jurisdiction Over the Charges and the Defendant

Defendant Cook asks [Docs. 65 & 91-1][7] that the proceedings in this case take place before an Article III judge and in an Article III court. She contends that the pretrial hearing before

---

[7] The Court notes that Defendant Cook has also filed an appeal [Doc. 63] to United States District Judge Pamela L. Reeves of the undersigned's conducting a competency hearing on January 31, 2019. In her appeal, Defendant Cook objects to the jurisdiction of the United States Magistrate Judge for the same reasons expressed in her Motions Demanding Article III Proceedings [Docs. 65 & 91-1]. The undersigned believes the instant recommendations with regard to the motions challenging the undersigned's jurisdiction are relevant to this appeal [Doc. 63] as well.

4

the undersigned United States Magistrate Judge on January 31, 2019, occurred without her consent. She alleges that the undersigned is an "Article I judge" and that proceedings before the undersigned, which she characterizes as a "public policy" proceedings, are before an Article I court. Defendant Cook contends that proceedings before the undersigned have deprived her of life, liberty, and property, without the due process of law. The Defendant also asserts [Doc. 91-1, p.2] that "the United States is in receivership and they have no credit of their own, they cannot have a valid claim against me without my permission."

Defendant Cook has also filed [Doc. 69-1] a Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate. In this motion, Defendant appears to argue that the Court lacks personal jurisdiction over her. She argues that on February 21, 2018, (the date of the filing of the original Indictment in this case), District Judge Reeves, the undersigned, United States Attorney Douglas Overbey, AUSA Dale, and numerous other "public servants" erroneously assumed the authority to "administ[er the] property of the Marilyn Yvette Powell, Estate . . . or any and all variations thereof[]" by opening/bringing the instant case. In this regard, Defendant Cook states that everyone on the list of some twenty-seven "public servants," which she has attached to her motion, must provide written evidence of their authority, a certified copy of their oath of office, and copies of any bonds, sureties, indemnification insurance, and other documents.

Additionally, Defendant Cook gives notice [Doc. 64] that she will not participate in the trial on July 30, 2019, in an Article I court. She states that she wants settlement and closure in this case, because she has accepted the Indictment for value and returned it for value.[8] She

---

[8] The Court notes that Defendant Cook also purports [Docs. 93 & 103] to accept the Superseding

5

asserts that the United States has "no capacity to pursue collections" against "MARILYN YVETTE COOK" and that further attempts to collect will demonstrate the United States' agreement that it owes her $365,000,000 [Doc. 67, p.2].

In response to these and other unusual assertions by Defendant Cook, the Government responds [Doc. 73] that the Defendant's arguments are premised on the nonsensical notion that there is a difference between her physical person and a legal "strawman" entity. The Government contends that courts have uniformly rejected these types of divided persona arguments as totally frivolous. It also maintains that the instant proceedings are already before an Article III United States District Court, which Congress has authorized to appoint United States magistrate judges, which in turn Congress authorized to handle pretrial matters. *See* 28 U.S.C. §§ 631, -636(b)(1).

At the March 28, 2019 motion hearing, Defendant Cook told the Court that she does not know whether she is in an Article III court or an Article I court. She said that she realizes that this Court is the United States District Court in Tennessee but that the United States Bankruptcy Court is also in the same building. She stated that on October 15, 2015, she moved her estate "from the public side to the private side" and that she does not have a contract with the Government. She asserted that the matters raised in the Indictment are between her estate and Regions Bank and arose when she tried to discharge a debt at Regions Bank. She referred the Court to House Joint Resolution 192 from the seventy-third Congress.[9] AUSA Dale argued that

---

Indictment for value. The Court discusses this theory in part B(3) below.

[9] As the Eastern District of New York has aptly noted, "those who subscribe to the 'sovereign citizens' movement 'believe that the 1933 House Joint Resolution 192 provides the legal basis for 'sovereign citizens' to collect money held by the Government in the trust when they file one or

6

the Defendant's argument that she can create a document to discharge her debt is one of many nonsensical "sovereign citizen" arguments that have been universally rejected by courts and should be summarily denied by this Court.

Article III, section 1, of the United States Constitution provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." U.S. Const. art. III, §1. Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. art. III, §2, cl.1. Pursuant to its authority to create inferior courts under Article III, Congress established the United States District Courts, 28 U.S.C. § 132(a), and the United States District Court of the Eastern District of Tennessee, 28 U.S.C. § 123, in particular. Thus, this case is pending before an Article III court and is assigned to an Article III judge, Chief United States District Judge Pamela L. Reeves.[10]

In 28 U.S.C. § 631, Congress empowered the district judges of each district court to "appoint United States magistrate judges," who are granted the jurisdiction and authority set out in 28 U.S.C. § 636. The undersigned was appointed a United States Magistrate Judge for the Eastern District of Tennessee, pursuant to Standing Order 17-03. Subsection 636(b)(1) permits a district judge to delegate pretrial matters to a magistrate judge. In the Eastern District of Tennessee, Magistrate Judges may hear and determine most non-dispositive pretrial matters,

---

more [UCC] financing statements, naming themselves as both the secured party and the debtor.'" *Paul v. New York*, No. 13–CV–5047, 2013 WL 5973138, *3 n.3 (E.D. N.Y. Nov. 5, 2013) (quoting *Rivera v. United States*, 105 Fed. Cl. 644, 646 (Fed.Cl. 2012)). Federal courts uniformly reject this interpretation of the 1933 House Joint Resolution 192. *Id. at *3*.

[10] After the initiation of this case, Judge Reeves became the Chief United States District Judge for the Eastern District of Tennessee.

7

pursuant to Standing Order 13-02. As discussed in part B(1) below, the instant case is a criminal case, rather than a civil case, accordingly the fact that Defendant Cook has not consented to proceedings before the undersigned is of no import. *C.f.* 28 U.S.C. § 636(c)(1) (permitting a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter" upon the parties' consent). Based upon 28 U.S.C. § 636(b)(1) and the Court's Standing Order, the Court finds that the pretrial matters in this case, including the Defendant's competency hearing on January 31, 2019, are properly before the undersigned United States Magistrate Judge.

By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Unless a statute dictates otherwise, "the government must prosecute an offense in the district where the offense was committed." Fed. R. Crim. P. 18, *see also* 18 U.S.C. § 3237(a) (providing that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed"). The Defendant stands charged with presenting a fictitious financial instrument and presenting a false claim to the United States, both allegedly occurring in the Eastern District of Tennessee. Because Defendant Cook is charged with violating federal law, i.e., 18 U.S.C. §§ 287 and 514(a)(2), in this district, the United States District Court for the Eastern District of Tennessee unquestionably has jurisdiction over this case. *See United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (holding the fact that the defendant was charged under federal statutes provides the court "with federal-question subject-matter jurisdiction"), *cert. denied*, 137 S. Ct. 2254 (2017).

Defendant Cook was taken into custody on an arrest warrant and brought into federal custody on a Writ of Habeas Corpus ad Prosequendum. Our appellate court has held that "[f]ederal courts have personal jurisdiction over criminal defendants before them, whether or not they are forcibly brought into court." *Pryor*, 842 F.3d at 448 (citing *United States v. Alvarez–Machain*, 504 U.S. 655, 660–62 (1992) & *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)). Accordingly, this Court has personal jurisdiction over Defendant Cook.

Finally, in her Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate [Doc. 69-1], Defendant Cook appears to assert that Chief Judge Reeves, the undersigned United States Magistrate Judge, and "several other public servants" have fraudulently claimed authority to administer the Marilyn Yvette Powell Estate. First, the Court finds that the "Marilyn Yvette Powell Estate" and/or "any and all variations thereof" is not a party to this criminal case.[11] Second, as discussed above, the Court has jurisdiction over the crimes alleged in

---

[11] The Defendant admits in her reply [Doc. 78-1, p.2] that "Marilyn Yvette Cook is the only real Defendant" in this case. She states that Marilyn Powell Cook is a living, breathing, flesh-and-blood woman and Executrix of the Marilyn Yvette Powell Estate" [Doc. 78-1, p.2]. The Defendant claims that the United States cannot file a claim against the living, breathing person "Marilyn Powell Cook," because it (the United States) "is a fictitious entity and it must file a claim against the 'Strawman[.']" The undersigned finds that the Indictment in this case charges the Defendant herself (her living breathing person or her "biological" self), not a legal entity that she administers or in some way represents.

At the March 28 motion hearing, AUSA Dale asked the Court to take judicial notice of the Defendant's identity as Marilyn Yvette Cook and that she is the only defendant in this case. The Government contends that this fact is not subject to reasonable dispute, pursuant to Federal Rule of Evidence 201(b). Rule 201(b) of the Federal Rules of Evidence permits the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court finds that the Defendant's identity is not generally known, nor has the Government provided sources from which the Court can accurately and readily determine that the Defendant is in fact Marilyn Yvette Cook, although she admits that she is in her reply [Doc. 78-1]. However, the Court will take judicial notice of the fact that the defendant charged in this case is a person, not a legal entity (such as an estate or trust),

9

the Superseding Indictment and over Defendant Cook's person. Accordingly, the Court has authority over Defendant Cook and this case. Defendant Cook's purported adjournment of the case [Doc. 69-1, p.2] is baseless, and her demand for certified copies of oaths of office, "bar bonds" and other bonds, sureties, indemnification insurance, and "a full accounting" of authority from this Court and a variety of other individuals is irrelevant and unwarranted. The Court finds that Defendant's Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate [Doc. 69-1] must be denied.

Because this case is properly in an Article III court, which has both subject matter and personal jurisdiction, the undersigned recommends that the Defendant's motions challenging jurisdiction [Docs. 65 & 91-1], along with her related filings [Docs. 67 & 69-1], be denied.

### B. The Indictment Is Not Subject to Dismissal

Defendant Cook raises three primary arguments for dismissal of the charges. She contends that she is entitled to summary judgment [Doc. 77-1] in this case, because the Government is attempting to use her personal paperwork against her. The Defendant also contends that the Court must dismiss the Superseding Indictment based upon a theory of collateral estoppel [Doc. 89-1]. Finally, the Defendant purports [Docs. 93-1 & 103-1] to "liquidate" the Superseding Indictment by accepting it for value and then collapsing it against her birth certificate. The Government responds [Docs. 73 & 101] that summary judgment is not available in a criminal case and that the Defendant's motions are based upon frivolous legal theories, wholly lacking in merit.

*(1) Summary Judgment*

Defendant Cook asks [Doc. 77-1] the Court to grant summary judgment in this case

---

because that is a fact that may be readily determined from the face of the Superseding Indictment.

because the discovery provided by the Government consists primarily of her "private and public documents," which she intends to use in her defense. She contends that with the exception of photographs from Regions Bank and the statements of "public servants," the discovery from the Government is her "private and public paperwork" [Doc. 77-1, p.1]. She asserts that the Government's use of her paperwork deprives her of life, liberty, and property without the due process of law and constitutes taking her private property for public use without just compensation. The Defendant has attached an inventory of the discovery as an exhibit to her motion.

The Court agrees with the Government that summary judgment is inappropriate in this case both procedurally and legally. Rule 12(b)(2) of the Federal Rules of Criminal Procedure states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Moreover, the Court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is only appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." *Id.* at 665.

From *Jones* and Rule 12(b), the Court distills two requirements for addressing a motion to dismiss the indictment which alleges that the government cannot establish the offense charged as a matter of law: (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. *Jones*, 542 F.2d at 665. The undisputed nature of the evidence is an important

11

predicate to a court's determination of a motion to dismiss the indictment. If the evidence relating to the issue raised by the parties is disputed, the court runs the risk of treading upon the role of the grand jury:

> When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial. The indictment is not evidence, as every petit jury in a criminal case is instructed. The prosecution must still produce evidence from which the trial jury can find every element of the offense proven beyond a reasonable doubt, or the defendant is entitled to a judgment of acquittal. However, the prosecution's evidence is tested at trial, not in a preliminary proceeding.

*United States v. Short*, 671 F.2d 178, 183 (1982).

As pointed out by the Government, because questions of fact are reserved for the jury, numerous courts have held that a criminal defendant cannot challenge the sufficiency of the government's evidence before trial in a criminal case by bringing a motion for summary judgment. *United States v. Mayberry*, No. 3:12–cr–72–5, 2012 WL 4343159, *2 (S.D. Ohio Sept. 21, 2012) (holding that there is no summary judgment in a criminal case); *see also United States v. Sampson*, 898 F.3d 270, 279-80 (2d Cir. 2018) (collecting cases); *United States v. Huet*, 665 F.3d 588, 595 (3rd Cir. 2012), *cert. denied*, 568 U.S. 941 (2012); *United States v. Pope*, 613 F.3d 1255, 1259-60 (10th Cir. 2010); *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995), *cert. denied* 525 U.S. 1032 (1998). "Motions for summary judgment allow judges to examine the evidence adduced by both sides before trial and award judgment if, based on the proffered evidence, no rational trier of fact could find for the non-moving party." *Sampson*, 898 F.3d at 280; *see* Fed. R. Civ. P. 56(a).

12

Case 3:18-cr-00019-PLR-DCP   Document 111   Filed 05/31/19   Page 12 of 17   PageID #: 1096

Although the motion for summary judgment existed in civil actions before the Federal Rules of Criminal Procedure were drafted, the drafters of the criminal rules did not provide a mechanism for summary judgment. *Sampson*, 898 F.3d at 280. Accordingly, the Court finds the Defendant's Motion for Summary Judgement to be procedurally inappropriate.

Moreover, and again as noted by the Government, even if a motion for summary judgment were permissible in a criminal case, the Defendant has failed to show an absence of disputed facts or that she is entitled to judgment as a matter of law. In this regard, the Defendant asks [Doc. 88-1] the Court to take judicial notice that the "Bill of Exchange," which Count One of the Superseding Indictment alleges is "a false and fictitious instrument," is neither false or fictitious. The Defendant asks the Court to take judicial notice of a "fact" that goes to the heart of Count One, whether the Bill of Exchange was false and fictitious. The Court finds that this is not the type of fact of which judicial notice may be taken, because it is "subject to reasonable dispute." *See* Fed. R. Evid. 201(b); *see also Cary v. Cordish Co.*, 731 F. App'x 401, 407-08 (6th Cir. 2018) (observing that judicial notice is inappropriate when the fact is disputed).

In summary, the Court finds that summary judgment is inappropriate in this criminal case and that the Defendant's motion [Doc. 77-1] for same should be denied. Moreover, the Court finds that the Defendant's request for judicial notice [Doc. 88-1] of a fact in dispute must also be denied.

*(2) Collateral Estoppel*

The Defendant contends [Doc. 89-1] that the Government should be estopped from bringing Count Two of the Superseding Indictment, because she has already been convicted of presenting a false claim to the United States in violation of 18 U.S.C. § 287 in case number 3:05-

13

CR-7. In this regard, she alleges that "collateral estoppel is a doctrine barring a party from relitigating an issue determined against that party in an earlier action, even if the second action differs significantly from the first one." [Doc. 89-1, p.2] The Government provides no specific response to this motion but argues [Doc. 101] generally that the instant case is a criminal case, not a civil case, and that the Defendant advances frivolous and meritless legal theories.

The Court observes the Defendant's argument that parties should not be able to relitigate issues *determined against them* in earlier cases makes no sense in the context of her criminal case. On April 14, 2005, the Defendant Marilyn Powell entered a guilty plea in case number 3:05-CR-7 to aiding and abetting making a false fictitious or fraudulent claim against the United States. Defendant's argument, taken to its logical conclusion, is that she cannot maintain her innocence with regard to the current allegation of making a false claim, because she admitted guilt to making a false claim in the earlier case. This argument, if granted, would not result in the dismissal of the charges.

Instead, the Court finds that the Defendant is essentially making a double jeopardy challenge to Count Two of the Superseding Indictment. "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb, . . . nor be deprived of life, liberty, or property, without due process of law[.]" U.S. Const., amend. V. This provision extends three protections: "'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991) (internal quotation omitted); *see also United States v. Sharp*, 996 F.2d 125, 130 (6th Cir. 1993). In the instant case, the Court infers that the Defendant is arguing that a conviction on Count

14

Two would be a second conviction for the same offense. The Court disagrees.

Defendant Cook entered a guilty plea in case number 3:05-CR-7 to aiding and abetting making false, fictitious or fraudulent claims against the United States. The Agreed Factual Basis [No. 3:05-CR-7, Doc. 19] alleges that the Defendant prepared and filed false income tax returns, fraudulently claiming tax refunds, from July 2001 to August 2002. A Judgment [No. 3:05-CR-7, 51] of conviction was entered in this case on March 2, 2006. In contrast, Count Two of the instant Superseding Indictment alleges that the Defendant made and presented to the Internal Revenue Service ("IRS") a claim for a tax refund for the year 2016, which she knew to be false, fictitious, or fraudulent, in violation of 18 U.S.C. § 287. The Court finds that the instant charge is a separate offense from the Defendant's 2006 conviction, because it alleges the presentation of a false claim to the IRS *in 2016*. This charge is clearly distinct from the Defendant's prior conviction for presenting false claims in 2001 and 2002. The Court finds that Count Two of the Superseding Indictment does not violate the double jeopardy clause. Thus, the Defendant's Motion for Collateral Estoppel Against First Superseding Indictment [Doc. 89-1] should be denied.

*(3) Discharging the Charges*

Finally, Defendant contends [Docs. 93 & 103] that the charges must be liquidated or dismissed because she has "accepted" them for value and discharged them in exchange for money she believes she is owed by virtue of her birth certificate. The Government responds that the notion that legal documents, such as an indictment or a birth certificate, can be assigned a monetary value is a frivolous "sovereign citizen" theory that has been uniformly rejected.

The Defendant appears to be asserting a type of "sovereign citizen" argument for the dismissal of the charges. "Adherents of such claims or defenses believe that they are not

15

subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Williams v. Skelly*, No. 1:17CV-204-GNS, 2018 WL 2337310, *3 (W.D. Ky May 23, 2018) (internal quotation omitted). Defendant Cook's argument is similar to that of the defendants in *United States v. Rivera*, who argued that they could use their "exemption accounts," based upon their birth certificates, to discharge their tax liabilities, using an "'Accepted for Value' approach." No. CIV 14-0579, 2015 WL 4042197, *20 (D.N.M. June 30, 2015). Those espousing the Accepted for Value theory "believe that the United States owns corporate-shell facsimiles of them, over which the individuals retain some control . . . to draw expenses from the shell." *Id.* The court found this Accepted for Value theory to be meritless. *Id.* at *22-23.

The undersigned, likewise, finds Defendant Cook's sovereign citizen steeped argument for the discharge of the instant charges to be devoid of merit. *See United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (observing the argument that a criminal defendant is not subject to the jurisdiction of the federal courts because he is sovereign is a position that "has no conceivable validity in American law"); *see also Bey v. State of Indiana*, 847 F.3d 559, 560 (7th Cir. 2017) (holding that lawsuit seeking to enjoin property taxes was "frivolous," because plaintiff was not sovereign and was an United States citizen, who "unlike foreign diplomats has no immunity from U.S. law") (Posner, J.).

"[T]he laws of the United States apply to all persons within its borders." *Bey v. United States*, No. 1:16–cv–01347–JBM, 2016WL5723655, *1 (C.D. Ill. Sept. 29, 2016) (rejecting defendant's sovereign citizen argument). The jurisdiction of this Court is provided by statute, 18 U.S.C. § 3231, and the Defendant was brought before the Court through valid legal process. No

16

UCC filing, "acceptance for value," special oath or phrasing, or amount of legalese by the Defendant serves to divest the Court of its jurisdiction. Nor can the Defendant dismiss the charges by fiat. The Court finds that the Defendant's requests [Docs. 93 & 103] for the Court to dismiss the case should be denied.

### III. CONCLUSION

After carefully considering the parties' filings and arguments and the relevant legal authorities, the Court finds no basis to dismiss the Indictment. For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's motions and filings requesting the dismissal of the case [**Docs. 67, 77-1, 89-1, 91-1, & 93-1**] be **DENIED**.[12] The undersigned also **RECOMMENDS** that the Defendant's related motions and filings [**Docs. 67, 69-1, 88-1, & 103**] be **DENIED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[12] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).