IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-19-PLR-DCP |
| | ) | |
| MARILYN YVETTE COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned on the following *pro se* motions and filings of Defendant Cook, relating to her ability to represent herself and to prepare her case for trial on July 30, 2019:

(1) Notice of Non-working IDN ******* Assigned While in Custody at Roger D. Wilson Detention Facility [Doc. 70], filed on February 28, 2019;[1]

(2) Motion to Add to "Notice of Non-working IDN # *******" Doc. 70 [Doc. 74-1], filed on March 26, 2019;

(3) Notice of Harassment from Roger D. Wilson Detention Facility, Blocking Me from Filing Motions, Investigating Facts of Defendant['s] Case . . . [Doc. 76-1], filed on March 26, 2019;

(4) Motion to Add USA Discovery for Exhibits to "Motion to Produce Delegated Authority to Administrate Marilyn Powell, Estate Doc. 69 [Doc.83-1], filed on April 3, 2019;

(5) Motion to Add Doc. 90, Letter to IRS Technical Support Division, to Doc. 63 for Exhibit [Doc. 94-1], filed on May 1, 2019;

---

[1] The Court is redacting the Defendant's access number in this Memorandum and Order.

(6) Subpoenas [Doc. 98-1], filed on May 13, 2019;

(7) Subpoenas [Doc. 99-1], filed on May 13, 2019;

(8) Motion for Access to the Internet/Telephone [Doc. 102-1], filed on May 17, 2019;

(9) Subpoenas [Doc. 104-1], filed on May 17, 2019;

(10) Subpoenas [Doc. 105-1], filed on May 20, 2019;

(11) Motion to Add USA Discovery 201-203 for Exhibits [Doc. 106-1], filed on May 20, 2019;

(12) Motion to Issue the Subpoenas Elbow Attorney Robert R. Kurtz Delivered to Me Unsigned by the Clerk of Court on May 2, 2019, and Filed with the Court Unsigned by the Clerk of Court on 5/13/19 [Doc. 107],[2] filed on May 22, 2019;

(13) Motion to Order Elbow Attorney Robert R. Kurtz to Hand Deliver and/or Mail Copies of Everything in the Above Style[d] Case File [Doc. 107], filed on May 22, 2019;

(14) Motion to Have Access to the Internet and Telephone for Excessive Research Need[ed] to Prepare for Trial July 31 [sic.],[3] 2019 [Doc. 107], filed on May 22, 2019;

(15) Motion to Issue the Subpoenas Elbow Attorney Robert R. Kurtz Delivered to Me Unsigned by the Clerk of Court on May 2, 2019 AND Filed with the Court Unsigned by the Clerk on 5/13/19 [Doc. 108-1], filed on May 28, 2019;

(16) Motion to Order Knox County Jail D/B/A Roger D. Wilson Detention Facility to Provide Me Legal Material to Research and Prepare a Defense for the Marilyn Yvette Cook Constructive Trust [Doc. 109-1], filed on May 28, 2019; and

(17) Subpoena [Doc. 110-1], filed on May 30, 2019.

---

[2] The Defendant's *pro se* motion filed on May 22, 2019, is a collection of three motions filed as Document 107.

[3] This case is set for trial before United States District Judge Pamela L. Reeves on July 30, 2019.

On January 31, 2019, the undersigned found [Doc. 64] Defendant Cook to be competent, following a mental evaluation, and permitted her to represent herself, after thoroughly advising her of the risks and problems associated with self-representation. At that time, the Court appointed Attorney Robert R. Kurtz, who had previously served as the Defendant's counsel of record, as her elbow or standby counsel, over the Defendant's objection. The Court also reviewed the role of elbow counsel with Defendant Cook, stating that Mr. Kurtz could provide advice during the trial, advise her on courtroom protocol, assist her with responding to objections, and be appointed to represent her, if she changed her mind about representing herself. Mr. Kurtz also offered to provide the Defendant with the Rules of Evidence, the local rules, the sentencing guidelines, and other basic legal materials to which she did not have access at the jail. Mr. Kurtz stated that he could also assist Defendant Cook in filing documents in the Court's electronic filing system, which would bring the Defendant's filings before the Court more quickly than she could accomplish by mail.

The Court finds the Defendant's motions and filings raise the following issues: (1) the Defendant's lack of access to physical supplies, legal materials, and the ability to investigate while detained pending her trial, (2) the issuance of subpoenas duces tecum, (3) the role of elbow counsel, and (4) the designation of certain documents as exhibits. The Court will address each of these issues in turn.

**I.  ACCESS TO SUPPLIES, LEGAL MATERIALS, & INVESTIGATORY TOOLS**

Defendant Cook contends [Docs. 70, 74-1, & 76-1] that her jail identification number, which she uses to order supplies such as paper, pencils, envelopes, and stamps, was not working from February 7, 2019, to March 1, 2019. She contends that, as a result, she was not able to file some of her pretrial motions by the March 1 motion deadline. The Court held a motion

hearing on these and other pending pretrial motions on March 28, 2019. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Defendant Cook represented herself, with the assistance of elbow counsel, Mr. Kurtz. At the hearing, Defendant Cook acknowledged that the problems with her IDN number had been fixed.[4] The Court agreed to accept the Defendant's belated filings, specifically her Motion for Summary Judgment [Doc. 77], and ordered the Government to file a response to that motion. The Court finds that the Defendant's notice and motions [**Docs. 70, 74-1 & 76-1**], relating to her inability to order physical supplies needed to file pretrial motions, are **DENIED as moot**, because the issue has been resolved and the relief sought by the Defendant (filing motions) has been granted.

After the expiration of a second motion deadline relating to the Superseding Indictment, Defendant Cook filed two motions [Docs. 102-1 & 107-1], requesting access to the internet and unrestricted access to a telephone in order to conduct research and to prepare for trial. Defendant Cook states [Doc. 107-1] this access is necessary for "excessive research needed to prepare her defense for trial[.]" Defendant also moves the Court to order the Knox County jail to provide her with Corpus Juris Secundum, three specific legal dictionaries, and the Foreign State Immunities Act, so that she can conduct research and prepare "a defense for the trust by the trial date" [Doc. 109-1, p.2]. As discussed above, Defendant Cook represents herself.

The Court consulted with the United States Marshals Service, with regard to the resources available to Defendant Cook at the Knox County Detention Facility ("Knox County jail"). Based upon that discussion, the Court makes the following findings of fact:

(1) The Defendant has the opportunity to make telephone calls;

---

[4] Defendant Cook also raised other issues arising from her detention. She stated that she was not receiving prescribed medication and that she had been moved to an upper bunk, which is difficult for her due to heath issues. The Court asked Mr. Kurtz to talk with Defendant Cook and to confirm that she knows the proper administrative procedures to take to get medical care while at the jail.

4

(2) The Defendant has daily access to a kiosk, on which she may access the internet and conduct legal research. An inmate may use the kiosk for up to 144 minutes daily. The Defendant's pod, which houses approximately eighty inmates, has three kiosks, which are available for at least three hours daily;

(3) Additionally, the Defendant has access to nineteen or twenty electronic tablets, upon which she may access the internet and conduct legal research. An inmate may use these tablets for fifteen minutes every two hours at no charge or can reserve a tablet for her exclusive use for twenty-four hours for a cost of $4.95;

(4) One of the actions that an inmate may perform on the kiosk or electronic tablet is to access the electronic law library; and

(5) The Defendant can review paper discovery in her jail cell. The Defendant is permitted to have an approximately one-and-one-half inch stack of paperwork in her cell at a time.

Thus, the Court finds that the United States Marshals and the Knox County jail have provided the Defendant a reasonable opportunity to use the telephone and to conduct legal research.

The Court finds that it is obvious from the Defendant's filings that she has been provided the discovery in this case. Additionally, the Defendant can apply for the assistance of an investigator to interview witnesses and investigate the facts of the case. However, the Court cautions the Defendant that, as discussed in the Report and Recommendation [Doc. 111] filed on May 31, 2019, her various sovereign citizen-type commercial theories involving Uniform Commercial Code filings and her birth certificate being redeemable, etc., are not relevant to the instant criminal case and would not be an appropriate basis for an investigator. Defendant Cook can ask Mr. Kurtz to provide her with the appropriate forms to apply for an investigator, if she wants one.

The Court finds that Defendant Cook has access to the telephone, that she has adequate access to the internet and legal materials through the kiosks and electronic tablets

available at the jail, and that she can apply for an investigator to assist her in this case. Accordingly, the Court finds that the Defendant has not demonstrated good cause for additional internet and telephone access or for the provision of the specific materials listed in her motion [Doc. 109-1]. The Defendant's motions [**Docs. 102-1, 107, and 109-1**], requesting access to the internet and a telephone and asking that the Knox County jail provide certain legal materials are **DENIED**.

## II. ISSUANCE OF SUBPOENAS

Pursuant to Federal Rules of Criminal Procedure 17(b), Defendant asks [Docs. 107 & 108-1[5]] the Court to issue subpoenas duces tecum to over a dozen individuals and organizations. Among other information, Defendant requests a combination of the following documents: copies of written delegated authority to administer Defendant's estate, certified copies of oaths of office, and accountings relating to the "Marilyn Yvette Powell, Estate." Defendant's motion [Docs. 107 & 108-1] generally claims Defendant needs these documents to prepare her defense, but it fails to provide support for her request. For the reasons discussed below, Defendant's Motion for the issuance of subpoenas duces tecum [**Doc. 107 & 108-1**] is **DENIED**.

### A. Rule 17(b)

Rule 17(b) of the Federal Rules of Criminal Procedure provides:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

---

[5] On May 28, 2019, Defendant Cook filed a second Motion to Issue the Subpoenas Elbow Attorney Robert R. Kurtz Delivered to Me Unsigned by the Clerk of Court on May 2, 2019, AND Filed with the Court Unsigned by the Clerk on May 13, 2019 [Doc. 108-1]. This handwritten motion is the same as Document 107, pages 1-2. The Court will consider these two motions [Docs. 107 & 108-1] together.

Although "the right of an indigent criminal defendant to subpoena witnesses rests not only on Rule 17(b), but also on the Sixth Amendment right to compulsory process and on the Fifth Amendment right not to be subjected to disabilities by the criminal justice system because of financial status," the defendant nevertheless must make a preliminary showing that the requested witness is necessary to an adequate defense. *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (internal citations omitted). With respect to this preliminary showing required of indigent defendants, the Sixth Circuit held "[n]either rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court." *Id.* "Necessary" in this context means "relevant, material, and useful to an adequate defense." *Id.* To properly make this preliminary showing, the defendant must offer more than mere generalities about the necessity of a witness or document. *United States v. Barker*, 553 F.2d 1013, 1020-21 (6th Cir. 1977); *see also United States v. McCaskill*, 48 F. App'x 961, 962 (6th Cir. 2002). Because such a showing necessarily reveals a Defendant's defense, the Rule permits an application for subpoenas to be filed *ex parte*. Fed. R. Crim. P. 17(b).

The Court finds Defendant's motion fails to show that the information she requests is necessary to her defense.[6] More specifically, Defendant makes only two points in her motion. First, Defendant criticizes her elbow counsel's efforts in this case. Second, Defendant merely generally states she needs the subpoenas "to prepare [her] defense" without explaining specifically how the requested information supports her defense. [Doc. 107, p.1]. This criticism and conclusory statement without more is insufficient to show that the documents she requests are "necessary" for her defense under Rule 17(b).

---

[6] It is worth noting Defendant's Motion also fails to show she is indigent, but the Court will assume her indigence for the purpose of this analysis considering she qualified for appointment of counsel based on her financial affidavit [Doc. 6].

**B. Rule 17(c)**

Additionally, Federal Rule of Criminal Procedure 17(c)(1) provides, "[a] subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates."[7] If properly requested, the witness must provide these documents *directly to the appropriate court* for use at trial and other proceedings rather than to a party. *Id.* The Supreme Court provided a test for courts to apply when determining whether to issue or deny a Rule 17(c) subpoena in *United States v. Nixon*, 418 U.S. 683, 699 (1974). A court should require production pursuant to a Rule 17(c) request only if the moving party shows:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.*

The Court will briefly consider the application of the *Nixon* requirements in the present case. First and most significantly, for the same reasons discussed above, Defendant's motion does not show the types of documents she requests are relevant to her defense or that they even exist.[8]

---

[7] Although the scope of production anticipated under this Rule is broad, the Court may quash a Rule 17(c)(1) subpoena after issuing it if compliance with it "would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Furthermore, parties may not use subpoenas duces tecum as an additional discovery tool. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Here, Defendant now requests, through subpoenas duces tecum, many of the same documents she already requested in a Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate [Doc. 69-1]. The undersigned recently found [Doc. 111] these requested documents to be irrelevant to the case and recommended that this motion be denied.

[8] Defendant has filed a pro se motion [Doc. 69-1] for the declarations and oaths she now requests via subpoenas duces tecum, and the Government has responded [Doc. 73, p.5] that these documents likely do not even exist. As discussed in note 7 above, the Court has recommended [Doc. 111] that this motion be denied.

8

Second, setting aside the question of relevance, Defendant's motion does not suggest the documents she requests are not otherwise reasonably procurable. Third, Defendant's motion does not indicate that she cannot properly prepare for trial without the information or explain how the documents would aid her trial preparation.[9] Finally, Defendant has not shown her requests are in good faith. Rather, the fact that Defendant's subpoenas request oaths of office and other unrelated documents from various public officials, who have no relation to this case, shows that her requests are not in good faith and are indeed a "fishing expedition."

Finally, Defendant's subpoenas improperly request that the responding parties send the documents to the Knox County jail where she is incarcerated. As stated above, witnesses must provide documents requested in subpoenas duces tecum directly to the Court. Thus, Defendant's subpoenas are not compliant with Rule 17(c)(1).

### C. Conclusion

In summary, the Court finds: (1) Defendant failed to show that the documents she requests are "necessary" under Rule 17(b), (2) Defendant failed to make the required showings under Rule 17(c) and *Nixon*, and (3) Defendant's subpoenas duces tecum improperly request the responding parties send the requested documents to the Knox County jail, rather than to the Court. For these reasons, Defendant's motions [**Docs. 107 & 108-1**] are **DENIED**, and Defendant's requested subpoenas [**Docs. 98-1, 99-1, 104-1, 105-1, & 110-1**] are **WITHDRAWN**. However, in the interest of fairness to the Defendant, the Court will grant Defendant additional time to file a motion for issuance of subpoenas duces tecum, demonstrating that the subpoenaed documents are necessary and relevant. To this motion, the Defendant must attach the subpoenas she seeks and

---

[9]The "Marilyn Yvette Powell, Estate" is not the defendant in this case. Thus, the Court does not understand how documents relating to the "Marilyn Yvette Powell, Estate" or the oaths of office from the parties named in the subpoenas relate to any defense Defendant could raise against the charges she faces.

must list the Court as the location to which the responding parties should send their documents. Defendant may file this motion and the attached subpoenas *ex parte*. The Court hereby gives Defendant until **June 26, 2019**, to file a motion for subpoenas or subpoenas duces tecum correctly and with the appropriate showing of relevance. In this regard, the Court cautions the Defendant that a motion requesting subpoenas duces tecum for documents relating to the Marilyn Yvette Powell, Estate or "any and all variations thereof" or other strawman entity will be summarily denied.

### III.     ROLE OF ELBOW COUNSEL

Defendant Cook moves [Doc. 107] the Court to require elbow counsel to hand deliver and/or mail "copies of everything from A-Z in the above style[d] case file" in order for her to prepare her defense. The Court is unsure whether Defendant Cook wants Mr. Kurtz to deliver or mail a copy of the entire case file to her or whether she wants him to deliver or mail items from the file, such as the yet-to-be-issued subpoenas, to other people. Either way, the Court finds the Defendant's request to be overly broad, unsubstantiated, and improper.

First, as stated above, the Court finds that Defendant Cook has been provided a copy of the discovery in this case, because she has referenced the discovery in several of her filings. The Defendant does not specify which portions of the record in this case that she needs, nor does she give a reason why she needs copy of the entire file. Finally, the role of elbow counsel is primarily to assist Defendant Cook at trial and at other hearings in this case. Mr. Kurtz has graciously volunteered to provide the Defendant with some basic legal materials, such as the Rules of Evidence and the local rules, and to facilitate her presenting motions to the Court by filing them on the Court's electronic filing system. The Court finds that the provision of a copy of the entire

file in this case is not within the scope of his role as elbow counsel. The Defendant may request copies of specific documents from the Clerk's Office and pay the fee for those copies.

With regard to Mr. Kurtz mailing items to others outside of the Court on the Defendant's behalf, the Court finds that is also not within the scope of his role as elbow counsel. Moreover, Defendant Cook is able to mail items while in custody, as demonstrated by the fact that she mailed the instant motion, rather than having Mr. Kurtz file it electronically. Finally, with regard to the Defendant's subpoenas duces tecum, the Court finds that Defendant Cook must comply with Federal Rule of Criminal Procedure 17(b) and -(c), as set out above, for the issuance of subpoenas in her case. However, the Court emphasizes that the Defendant may file her application for a subpoena or a subpoena duces tecum *ex parte*, *see* Fed. R. Crim. P. 17(b), and that Mr. Kurtz may file applications for subpoenas *ex parte* on the Defendant's behalf, if the Defendant asks that he do so.

The Defendant's motion [**Doc. 107**] to require elbow counsel to hand deliver and/or mail copies of the entire case file to her or to mail documents from her to others, aside from the Court, on her behalf, is **DENIED**.

IV. **EXHIBITS**

Finally, the Defendant has filed three motions [Docs. 83-1, 94-1, & 106-1], asking to add exhibits in this case. On April 3, 2019, the Defendant filed a Motion to Add USA Discovery for Exhibits to "Motion to Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate Doc. 69["]. The Defendant states that at the motion hearing on March 28, 2019, she could not find portions of the Government's discovery, that she wanted entered as exhibits, in her paperwork, because she was handcuffed. The Defendant asks to add six documents that she received in discovery, which the Defendant attaches to her motion, as exhibits to her Motion to

Produce Delegated Authority to Administrate Marilyn Yvette Powell, Estate [Doc. 69-1]. The Defendant does not explain the relevance of these documents to her motion. Moreover, as stated above and discussed in the Report and Recommendation [Doc. 111], filed on May 31, 2019, the Marilyn Yvette Powell, Estate is not a defendant in this criminal case. Defendant's request [**Doc. 83-1**] to add certain items from discovery as exhibits to Document 69-1 is **DENIED**.

On May 1, 2019, the Defendant filed a Motion to Add Doc. 90, Letter to IRS Technical Support Division, to Doc. 63 for Exhibit [Doc. 94-1]. Document 90 appears to be a copy of a letter the Defendant sent to the IRS Technical Support Division on April 12, 2019, with a listed subject of "My UCC Contract Trust 'Bill of Credit' Transfer for my 'UCC/BAR' Court Commercial Law Incarceration Prison and Parole; US Commercial DEBT Charges." The Defendant asks that this letter be made an exhibit to her appeal [Doc. 63] to the District Judge of the undersigned presiding over a hearing on January 31, 2019. In this appeal, the Defendant contends that the undersigned United States Magistrate Judge lacks jurisdiction. The Court finds the Defendant's letter to the IRS [Doc. 90] has no bearing upon the Court's jurisdiction or the Defendant's appeal [Doc. 63]. Accordingly, the Defendant's motion [**Doc. 94-1**] to make her letter to the IRS an exhibit to her appeal to Judge Reeves is **DENIED**.

Defendant Cook has also filed a Motion to Add USA Discovery 201-203 for Exhibits [Doc. 106-1]. Attached to this motion are two affidavits of the Defendant, marked at the bottom as "USA Discovery," and twenty-three pages of copies of portions of statutes, regulations, and articles. The Defendant does not explain the relevance of these documents or to what she intends them to be exhibits. The Defendant's Motion to Add USA Discovery 201-203 for Exhibits [**Doc. 106-1**] is also **DENIED**.

## V. CONCLUSION

For the reasons discussed in full above, the Court **ORDERS** as follows:

(1) The Defendant's motions [**Docs. 74-1 & 76-1**], relating to her inability to order physical supplies needed to file pretrial motions, are **DENIED as moot**;

(2) The Defendant's motions [**Docs. 102-1, 107, & 109-1**], requesting extended access to the internet, unrestricted access to a telephone, and that Knox County Detention Center provide certain listed legal materials are **DENIED**;

(3) The Defendant's motions [**Docs. 107 & 108-1**] that the Court issue subpoenas duces tecum are **DENIED**. The improperly requested subpoenas [**Docs. 98-1, 99-1, 104-1, 105-1, and 110-1**] are ordered **WITHDRAWN**. The Defendant may file a new motion for subpoenas duces tecum, attaching the requested subpoenas and demonstrating that the requested documents are relevant and necessary, on or before **June 26, 2019**;

(4) The Defendant's motion [**Doc. 107**] to require elbow counsel to hand deliver and/or mail copies of the entire case file to her or to mail documents from her to others, aside from the Court, on her behalf, is **DENIED**; and

(5) The Defendant's motions [**Docs. 83-1, 94-1 & 106-1**] to add certain documents as exhibits are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge