UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:18-CR-00019 |
| ) | REEVES/POPLIN |
| MARILYN YVETTE COOK, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant, Marilyn Yvette Cook, objects [D. 121] to the Report and Recommendation of Magistrate Judge Debra Poplin [D. 111]. The Report and Recommendation recommends denying a slew of pretrial motions filed by Ms. Cook [*see* D. 65, 67, 69-1, 77-1, 88-1, 89-1, 91-1, and 93-1]. For the reasons given, Judge Poplin's Report and Recommendation is accepted in whole, and Ms. Cook's pretrial motions are denied. In addition, Ms. Cook's appeal [D. 63] of Judge Poplin's finding that she is competent to stand trial is denied [D. 62].

### I. BACKGROUND

Ms. Cook[1] was indicted on February 21, 2018 on one count charging her with presenting a fictitious false and fictitious financial instrument—a "Bill of Exchange" in the amount of $1 million—in violation of 18 U.S.C. § 514(a)(2) [D. 1]. A Superseding Indictment was later filed on April 2, 2019, adding a second charge for presenting a false tax refund in violation of 18 U.S.C. § 287 [D. 81]. On January 31, 2019, Judge Poplin held a competency hearing for Ms. Cook, and found her competent to stand trial [D. 62]. Since that date, Ms. Cook has represented herself with the Court's permission, with Attorney Robert R. Kurtz serving as elbow counsel [D. 64].

---

[1] Ms. Cook is also alleged to go by the names Marilyn Yvette Powell, Marilyn Sunset, and Marilyn Arinze [D. 1]. For simplicity, the Court will refer to her as "Ms. Cook" throughout the Order.

### a. Sovereign Citizens

As Judge Poplin observed, Ms. Cook makes a hodgepodge of arguments that all bear the hallmark of the "sovereign citizen" movement. Sovereign citizens (or "sovereigns") are a "loosely knit network" of individuals who express—and act on—a shared anti-government sentiment. *See* Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 LEWIS & CLARK L. REV. 830, 834 (2015). Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ("UCC"), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their "sovereign" citizenship in order to receive government benefits. *See id.* at 837; Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 WIS. L. REV. 785, 795-813 (1999).

Sovereigns believe there are two forms of citizenship—inferior federal (or Fourteenth Amendment) citizenship, and superior state[2] (also known as sovereign, or "de jure") citizenship. They further believe the original Constitution recognized three types of jurisdiction—common law (which requires an injury to person or property), equity (which requires a contract), and admiralty (originally limited to the high seas). Sovereigns argue that federal district courts are admiralty courts, and through the UCC, federal courts have superseded common law by enforcing federal government contracts that bind people into federal citizenship. Sullivan, *supra* at 805-06. By filing abstruse legal documents to free themselves from the yoke of federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal. Weir, *supra* at 838.

---

[2] By state citizenship, sovereign citizens are not referring to "states" in the ordinary sense, but "states" with identical borders that exist independently of the federal government and draw their sovereignty directly from citizens. Sullivan, *supra* at 797.

Separately, and perhaps paradoxically, sovereigns believe they can use the court systems to access funds tied to their birth certificate and Social Security numbers, through a tactic known as "redemption." J.M. Berger, Geo. Wash. Program on Extremism, *Without Prejudice: What Sovereign Citizens Believe* 6 (June 2016). Government credentials such as birth certificates embody a fictional "strawman," each with its own corresponding bank or trust account that is distinct from the "flesh-and-blood" person. Weir*, supra* at 840. The strawman operates in the commercial world, so only the strawman is subject to the jurisdiction of a court. *Id.* But since the gold standard was abolished, the strawman accounts have been used to secure government debt; by filing the right documents, the flesh-and-blood person can "redeem" money from the strawman account. *Id.*

Sovereign citizen pleadings are "dense, complex, and virtually unreadable," and a branch of sovereign citizen case law has grown to address the voluminous and often frivolous workload. Sullivan, *supra* at 796 ("Faced with mountains of paperwork, courts must choose between spending hours deciphering Sovereign Citizen arguments or dismissing them out of hand"); *see U.S. v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans"[3]); *U.S. v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) (Sovereign citizen who filed a variety of documents disputing jurisdiction and other "nonsensical" issues did not exhibit incompetence to stand trial); *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (A sovereign citizen's arguments that they are beyond the jurisdiction of the courts should be "rejected summarily, however they are presented.").

---

[3] "Moorish-Americans" (or "Moorish sovereigns") are a group of black sovereign citizens who claim birthright citizenship in a purported North American black nation that predates the United States. Berger, *supra* at 8. Tax protesters are, as the name suggests, individuals who object to paying taxes; adherents to this movement often overlap with sovereign citizens. *Id.* at 11; *see U.S. v. Rivera*, No. CIV 14-579, 2015 WL 4042197, at *20-22 (D.N.M. June 30, 2015) (discussing connection between tax protester and sovereign citizen movements).

3

### b. Ms. Cook's Objections

Ms. Cook's pleadings raise textbook sovereign citizen claims. In her competency hearing, Ms. Cook refused to consent to Judge Poplin presiding over the proceedings, and continued that argument into her appeal, saying she was "not contracting with the commercial banking system" [D. 63]. She goes on to assert her standing in the "Republic" under the "laws of 13"[4] and invokes the laws of the Republic and biblical law against the commercial banking system [*Id.*, pp. 2-3].

Ms. Cook raises four specific objections to Judge Poplin's Report and Recommendation. The first objection begins with the caption "The ignorance of the Judge is the Misfortune of the Innocent," and Ms. Cook develops an elaborate multi-step argument purportedly showing the entire conduct of the criminal prosecution in this case is fraudulent. [D. 121-1, p. 1]. The Court has attempted to reconcile the logic of this argument to the extent possible.

Ms. Cook begins by claiming this Court is not an Article III court, and is instead a private corporation, whose authority to conduct Article III judicial proceedings has been delegated under U.S. CONST. art. 1, § 8, cl. 9. Because the Court is a corporation, she argues, it has no jurisdiction over anyone who does not contract with it. *Cf.* 28 U.S.C. § 3002(15)(A) (defining "United States" as a "Federal corporation" for purpose of federal debt collection). Ms. Cook claims that "unsuspecting" people have been held subject to this corporate jurisdiction—despite never having contracted with it—through the illegal adoption of the UCC.

Meanwhile, Ms. Cook alleges that her birth certificate and Social Security card are each tradable securities on which she can pay off her debt. The profits from these financial instruments are being held in a "Certa Que" trust, managed by the Federal Reserve Bank. But all relevant

---

[4] Presumably, this refers to the law of the thirteen colonies, but secondary source material on the sovereign citizen movement does not discuss this exact reference.

parties to this prosecution (including the judges, clerks, and prosecutors) consider those assets to be their property.

After clarifying that she is a "natural citizen of the State of Tennessee" and alleging that the criminal claims brought against her are really claims in equity, she lays out the fraudulent process the Court has used to deprive her of access to funds, ending with the allegation that both the court and the Government have sworn allegiance to the International Monetary Fund.[5] Ms. Cook rehashes these arguments in her fourth objection, arguing the Court is a "tribunal operated as a private corporation," and that, as such, it has no jurisdiction except over those who contract with it [D. 121-1, p. 7].

The second objection refers to a "motion to produce monetary value" filed after the grand jury returned the Superseding Indictment [D. 121-1, p. 7; *see* D. 93-1]. She claims the Superseding Indictment, which alleges tax fraud, failed to include a "1099-OID"[6] showing Ms. Cook as the recipient of the funds [*Id.*]. In the underlying motion, Ms. Cook, arguing from the premise that an Indictment is a negotiable instrument, asserts that if no monetary value is given for the instrument after three days of receipt, she could assign whatever monetary value she likes to the Superseding Indictment and redeem that amount for herself [D. 93-1].

---

[5] The International Monetary Fund, like the Federal Reserve Bank, is a financial institution that frequently draws the ire of sovereigns. *See.*, *e.g.*, Sullivan, *supra* at 811 ("[Sovereigns] believe that the government has systematically and despotically acted to deprive them of their rights by illegally inducing them to enter into contracts, declaring a secret national state of emergency, and selling their children to the International Monetary Fund."). The sovereign citizen movement, itself rooted in white supremacist ideology, is replete with financial conspiracy theories that are often explicitly anti-Semitic. *See* Berger, *supra* at 7-10.

[6] That is, IRS Form 1099-OID. The form is legitimately used by investors who receive income on a bond at maturity from the "original issue discount" (OID) they earned by purchasing the bond below face value. *Investopedia, "Original Issue Discount – OID"*, https://www.investopedia.com/terms/o/oid.asp (last visited June 26, 2019). 1099-OIDs are also frequently used by sovereigns to report income which they later claim has been withheld (using the claimed withholding to file a fraudulent tax refund), and sovereign citizens have been prosecuted for conducting extensive 1099-OID fraud schemes. *See, e.g.*, *U.S. v. Marty*, No. CIV S-9-600, 2009 WL 2365556 (E.D. Cal. Jul. 29, 2009) *rep. and recc. adopted by* 2009 WL 3111823 (E.D. Cal. Aug 31, 2009); Weir, *supra* at 831-34.

5

In her third objection, Ms. Cook refers to her motion for summary judgment [D. 77-1], but she simply attaches the label "Objection #3" in the margin, and does not raise any substantive objection against Judge Poplin's ruling on this motion [D. 121-1, p. 7].

## II.   STANDARD OF REVIEW

Notwithstanding any other provision of law, a district judge may reconsider a magistrate judge's decision on any pretrial matter pending before the court when the magistrate's decision is shown to be clearly erroneous or contrary to law. 18 U.S.C. § 636(b)(1)(A). However, this clearly erroneous standard does not apply when the magistrate rules on certain types of motions, including motions for summary judgment and motions to dismiss or quash an indictment or information. *Id.* § 636(b)(1)(B). In those cases, the magistrate judge will file proposed findings of fact and recommendations for disposition, which are then reviewed *de novo* by the district judge upon the objection of a party. *Id.* § 636(b)(1); FED. R. CRIM. P. 59(b)(3).

But the parties have the duty to "pinpoint those portions of the magistrate's report that the district court must specially consider," and the district judge will not conduct a *de novo* review of objections that are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). An objection that "simply states a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

## III.   DISCUSSION

Under this standard, Ms. Cook's appeal of Judge Poplin's finding that she is competent to stand trial should only be overturned if it is clearly erroneous or contrary to law. The profession of a sovereign citizen belief system does not indicate lack of competence in the absence of any mental illness or uncontrollable behavior. *See Neal*, 776 F.3d at 657 (citing *U.S. v. Johnson*, 610

F.3d 1138, 1147 (9th Cir. 2010)); *Coleman*, 871 F.3d at 477 ("Merely believing in fringe views does not mean that someone cannot cooperate with [her] lawyer or understand the judicial proceedings around [her]") (quoting *U.S. v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014)). Ms. Cook does not even argue the merits the competency finding. Instead, as discussed, the appeal simply raises jurisdictional arguments in the typical sovereign citizen fashion. These claims do not have merit in their own right, nor do they cast doubt on the legality of Judge Poplin's finding that Ms. Cook is competent to stand trial. Therefore, Judge Poplin's first order [D. 63] is affirmed.

The Report and Recommendation was objected to on four grounds. Two of those objections (numbers one and four) were purely jurisdictional. Ms. Cook's convoluted jurisdictional objections echo "shop worn" and "patently frivolous" sovereign citizen tropes that have long been summarily rejected. *U.S. v. Hilegeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (quoting *U.S. v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)) (cases where defendants claimed to be citizens of, respectively, the "Indiana State Republic" and the "Republic of Idaho," and therefore outside the jurisdiction of the United States). The objections here are similarly frivolous, nor are they responsive to any specific findings made in the Report and Recommendation. Accordingly, these objections will be overruled.

Objection two, which argues that criminal indictments are negotiable instruments on which Ms. Cook can claim any amount of money, is similarly frivolous. Viewed in the most favorable light, Ms. Cook's objection could be construed as an argument that the Government was required to produce the allegedly fraudulent 1099-OID to support the indictment. Even if that were her claim, it would fail legally, because a facially valid indictment is not subject to challenge on the ground that a grand jury acted on inadequate or incomplete evidence. *U.S. v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990) (citing *U.S. v. Calandra*, 414 U.S. 338, 345 (1974)). Absent

proof of a longstanding pattern of prosecutorial misconduct, along with actual prejudice, the Superseding Indictment stands. *Id.* The remaining contention that an indictment is somehow an object of monetary value—on which the charged criminal defendant can stake a claim for any amount of money—satisfies even the most credulous definition of frivolity, and no further consideration of this objection is necessary.

Finally, objection three, challenging Judge Poplin's finding on the motion for summary judgment, makes no substantive objection of any sort. Merely labeling an "objection" as such, without providing grounds for the objection, does not trigger *de novo* review. *See U.S. v. Beane*, No. 3:17-CR-82, 2017 WL 60625323, at *1 (E.D. Tenn. Dec. 5, 2017). Therefore, Judge Poplin's decision on the summary judgment motion—in which Ms. Cook seeks return of her "private and public paperwork" that the Government allegedly has in its possession [D. 77-1]—will be accepted in the absence of any substantive objection.

## IV.   CONCLUSION

The Court is mindful of its duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se*." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). Even under this standard, the Court finds Ms. Cook's objections lacking in substance. Accordingly, her objection [D. 121-1] is **OVERRULED**, and the Court **ACCEPTS IN WHOLE** Judge Poplin's Report and Recommendation [D. 111]. All motions addressed in that Report and Recommendation [D. 65, 67, 69-1, 77-1, 88-1, 89-1, 91-1, and 93-1] are hereby **DENIED**. The appeal of Judge Poplin's finding that she is competent to stand trial [D. 63] is also **DENIED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE