IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-19-PLR-DCP |
| | ) | |
| MARILYN YVETTE COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Following the litigation of over twenty pretrial motions [*see* Docs. 118, 122, & 127], Defendant Cook has filed the following additional *pro se* motions and filings:

(1) Last Will and Testament of Marilyn Yvette Powell [Doc. 112-1], filed on June 6, 2019;

(2) Motion for the Court to Take Judicial Notice of the Fact, a Man or Woman Do[es] Not have to be "Sovereign" to Discharge Debt in Reference to HJR 192, Just a U.S. Citizen [Doc. 113-1], filed on June 6, 2019;

(3) Motion to Produce Proof that Chief Judge Pamela L. Reeves is an Article III Judge [Doc. 114-1], filed on June 6, 2019;

(4) Motion for Change of Venue [Doc. 115-1], filed on June 6, 2019;

(5) Motion to Produce Civil Case #3:13-cv-000625-TAV-HBG for Background Evidence in the United States Harrassment [sic] [Doc. 116-1], filed on June 6, 2019;

(6) Motion to Use USA Discovery as Rebuttal Evidence [Doc. 117-1], filed on June 6, 2019;

(7) Motion for United States Magistrate Judge Debra C. Poplin to Recuse Herself from the Above Style[d] Case [Doc. 119-1], filed on June 10, 2019; and

(8) Motion for United States Chief Judge Pamela L. Reeves to Recuse Herself from the Above Style[d] Case [Doc. 120-1], filed on June 10, 2019.

The Court finds that the above filings and motions must be **DENIED** because they are untimely, irrelevant, duplicative, and/or without merit, as discussed herein.

**I.      Last Will and Testament [Doc. 112-1]**

The Defendant has filed a document [Doc. 112-1] purporting to be her Last Will and Testament and to have been executed on February 21, 2019. The Defendant provides no explanation of the relevance of this document to this case, and the Court discerns none. The Court **ORDERS** that the Defendant's *pro se* filing entitled Last Will and Testament of Marilyn Yvette Powell [**Doc. 112-1**] be **WITHDRAWN**. While the Court questions any possible relevance of a document executed nearly one and one-half years after the most recent event alleged in the First Superseding Indictment, the Court makes no ruling with regard to whether this document may be introduced as evidence at trial.

**II.     Motion for Judicial Notice [Doc. 113-1]**

The Defendant moves [Doc. 113-1, p.1] the Court to take judicial notice of the "fact" that "a United States citizen has the right to discharge debt even if [they are] not 'sovereign,'" because the citizen's birth certificate is an "implied bond" and the citizen is a representative of his or her "strawman" entity. First, the Court finds that this motion is untimely. The Court set motion deadlines of March 1, 2019, and May 8, 2019, for the filing of pretrial motions. The instant motion was filed approximately one month after the expiration of the May 8

deadline.  The Court may consider an untimely motion, if the moving party shows good cause for the belated filing.  *See* Fed. R. Crim. P. 12(c)(3).  Here, the Defendant provides no reason, much less good cause, for filing this motion out of time.

Additionally, the Court finds that the instant motion lacks merit.  The proposed "fact"—that citizens may discharge debt because their birth certificates are an "implied bond" and because they are representatives of their strawman entities—is "subject to reasonable dispute" and, therefore, not an appropriate subject for judicial notice.  *See* Fed. R. Evid. 201(b); *see also Cary v. Cordish Co.*, 731 F. App'x 401, 407-08 (6th Cir. 2018) (observing that judicial notice is inappropriate when the fact is disputed).  Moreover, Chief Judge Reeves's recent Memorandum and Opinion concludes that this argument, which the Defendant has raised in previous filings, is frivolous [Doc. 127, pp.2-4, 7].  Accordingly, the Defendant's Motion for the Court to Take Judicial Notice of the Fact, a Man or Woman Do[es] Not have to be "Sovereign" to Discharge Debt in Reference to HJR 192, Just a U.S. Citizen [**Doc. 113-1**] is **DENIED as moot**, because it was previously ruled upon.

**III.    Motion for Proof that District Judge Reeves is an Article III Judge [Doc. 114-1]**

The Defendant asks [Doc. 114-1] for proof that Chief Judge Pamela L. Reeves is an Article III judge.  This filing appears to be a variation of several of the Defendant's motions arguing that the instant Court lacks jurisdiction over her person or this case and demanding production of oaths of office.  The undersigned analyzed this Court's jurisdiction in detail in its May 31, 2019 Report and Recommendation [Doc. 111].  In this report, the Court found [Doc. 111, p.7] that Chief Judge Reeves is an Article III judge.  Chief Judge Reeves accepted [Doc. 127, p.8] the Report and Recommendation in whole.  In addition to being untimely, the Defendant's motion is duplicative of her previous filings and has already been determined.  Accordingly, the

3

Defendant's Motion to Produce Proof that Chief Judge Pamela L. Reeves is an Article III Judge [**Doc. 114-1**] is **DENIED as moot**.

## IV. Motions to Permit Admission of Evidence [Docs. 116-1 & 117-1]

Defendant Cook files two motions seeking a pretrial ruling on the admissibility of evidence at trial. She asks [Doc. 116-1] the Court to allow her to introduce at trial civil case number 3:13-CV-00065 as background evidence that former federal employees are harassing her by bringing the instant charges. She also asks [Doc. 117-1] the Court to permit her to "use all of the USA discovery for her rebuttal evidence." In this regard, Defendant Cook states that she "rebut[s]" the charges in the First Superseding Indictment and that the Court should grant this motion in order for her to prepare her defense. The Court finds that the instant motions are not untimely, although filed well after the expiration of the motion deadline, because they are in the nature of motions *in limine*.[1] However, the Court finds that these motions are vague and premature. The Defendant seeks a pretrial ruling on the admissibility of general categories of evidence. The Court cannot tell, outside the context of the trial, whether the Defendant's 2013 civil case has any relation to the instant criminal charges. In the case of her motion to permit the introduction of all of the discovery, she does not identify the evidence or explain its relevance. The Defendant is not entitled to a blanket, pretrial ruling that all of the evidence she seeks to introduce at trial is admissible. Instead, the Defendant must seek to introduce specific evidence at the trial itself. The Defendant's Motion to Produce Civil Case # 3:13-cv-00065-TAV-HBG for Background Evidence in the United States Harrassment [sic] [**Doc. 116-1**] and her Motion to Use USA Discovery as Rebuttal Evidence [**Doc. 117-1**] are **DENIED**, because they are vague and premature.

---

[1]Motions *in limine* generally seek to exclude certain evidence from being introduced at trial. The deadline for filing motions *in limine* in this case is July 15, 2019.

### V. Motions Alleging Bias [Docs. 115-1, 119-1, & 120-1]

Finally, the Defendant has filed three motions seeking relief due to a bare allegation of "bias" by the Court. Defendant asks that both Chief Judge Reeves [Doc. 120-1] and Magistrate Judge Poplin [Doc. 119-1] recuse themselves from this case because (1) she does not want a female judge presiding over her case and (2) because both Chief Judge Reeves and Judge Poplin are "bias[ed] and prejudice[d] and there is a conflict of interest." The Defendant also asks [Doc. 115-1] for a change of venue because both Chief Judge Reeves and Judge Poplin are "bias[ed]" against her. In this regard, she contends that she did not consent to Judge Poplin, whom she continues to claim is an Article I judge, and that neither Chief Judge Reeves, nor Judge Poplin, have produced an oath of office. The Defendant also summarily contends that a change of venue is appropriate because of the conditions at the jail where she is detained, the media has portrayed her in a "false light," and based upon a 2013 civil case that Defendant filed in this district.

First, the Court finds that these motions should be denied, because they were filed well after the expiration of the motion deadline in this case. Moreover, the Defendant has not provided any reason, much less good cause, why these motions could not have been filed by the motion deadline. *See* Fed. R. Crim. P. 12(c)(3).

Second, the Court finds that these motions also lack merit. "It has long been recognized that freedom of a tribunal from bias or prejudice is an essential element of substantive due process accorded litigants under the Fifth Amendment." *Matter of Demjanjuk*, 584 F. Supp. 1321, 1325 (N.D. Ohio 1984). Moreover, Congress has required that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned . . . [or when] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

proceeding[.]" 28 U.S.C. § 455(a) & (b)(1). However, the judge presiding over a case is presumed to be unbiased and impartial, and a party challenging the judge's impartiality bears the burden of disproving the presumption. *Demjanjuk*, 584 F. Supp. at 1325. A party moving for the disqualification of a judge must present an affidavit in support of his or her motion, providing "more than conclusory statements regarding bias or apparent partiality on the part of the presiding judge." *Id.*; *United States v. Sinclair*, 424 F. Supp. 715, 717 (D. Del. 1976) (holding that "[d]isqualification results only from the filing of a timely and legally sufficient affidavit"); *see also* 28 U.S.C. § 144 (requiring a "timely and sufficient affidavit" by a party alleging personal bias or prejudice on the part of the presiding judge).

In the instant case, the Defendant has not filed an affidavit in support of her motions for recusal, nor has she stated anything more than the bare assertion of bias, prejudice, and conflict of interest. These bare assertions do not overcome the presumption that the judges in this case are impartial. Moreover, the Defendant's preference for a male judge is not a reason for a judge to recuse herself. Judges have a duty not to recuse themselves unnecessarily, and unnecessary recusal wastes judicial resources and encourages judge-shopping. *Lattanzio v. Brunacini*, No. 5:16-171-DCR, 2018 WL 1865164, *2 (E.D. Ky Apr. 18, 2018) (citing *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir.), *cert. denied,* 449 U.S. 834 (1980)). The Defendant's vague and unfounded assertions and preferences provide no reason for recusal in this case.

With regard to the undersigned, the Defendant argues [Doc. 115-1] that she did not consent to Judge Poplin presiding over the pretrial proceedings in this case. As previously determined [Doc. 111, pp.7-8], the instant case is a criminal case to which the undersigned Magistrate Judge is properly assigned, regardless of the Defendant's lack of consent. 28 U.S.C. §

636(b)(1); *c.f.* 28 U.S.C. § 636(c)(1) (permitting a magistrate judge to "conduct any or all proceedings in a jury or nonjury *civil* matter" upon the parties' consent).

Finally, the Court observes that Defendant Cook filed a *pro se* Response to Order Dated 6/19/19 Signed by Article I Magistrate Judge Debra C. Poplin [Doc. 126-1], on June 26, 2019, again asking that the undersigned recuse herself from this case. While this response is not an affidavit and, thus, does not constitute the evidence required to raise a basis for recusal, the Court will briefly consider the arguments made in this response as a supplemental filing to the Defendant's Motion for United States Magistrate Judge Debra C. Poplin to Recuse Herself from the Above Style[d] Case [Doc. 119-1]. In her response, the Defendant raises the following additional arguments for recusal: (1) the undersigned "threatened" her with contempt on August 29, 2018; (2) the undersigned ordered a mental evaluation at a Bureau of Prisons ("BOP") facility upon the Government's motion, when the necessary standardized tests could have been performed locally; (3) the mental evaluation violated the Defendant's right to a speedy trial; (4) the Court has not required elbow counsel to serve her subpoenas duces tecum; and (5) an unnamed former federal employee previously told the Defendant, in an email, that the "Judges in East Tennessee do not like you." "Personal bias or prejudice" does not arise from prior judicial rulings or from "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The arguments the Defendant advances in her response largely reflect the Defendant's disagreement with the Court's rulings in this case.

With the regard to the Court's statement regarding contempt, the Court observes that it attempted to have the Defendant evaluated locally by Dr. Philip Axtell, to assist the Court in determining whether reasonable grounds existed for an inpatient mental evaluation [*see* Doc.

29, Minutes of June 14, 2018 hearing]. This local preliminary evaluation was conducted so that the Defendant would not have to endure unnecessarily the delays associated with a BOP inpatient evaluation. Dr. Axtell was not able to complete his preliminary evaluation by the status conference, because the Defendant twice refused to meet with him [*see* Doc. 45, pp.2-3]. The undersigned granted additional time for Dr. Axtell to meet with Defendant Cook and ordered [Doc. 45] that the Defendant cooperate with Dr. Axtell's administration of a competency interview and evaluation. The Court cautioned Defendant Cook that "her failure to comply with this order could result in her being held in contempt of Court" [Doc. 45, p.4]. "A judge's ordinary efforts at courtroom administration" are not evidence of partiality or bias, even if they seem "stern" to the party seeking recusal. *Liteky*, 510 U.S. at 555-56. The Court finds its direction to Defendant Cook to cooperate with a local competency interview or risk being held in contempt was warranted by the Defendant's previous behavior and is not a basis for recusal.

The Defendant's final assertion, that an unnamed former federal employee previously told the Defendant, in an email, that the "Judges in East Tennessee do not like you," is unsubstantiated and devoid of context. Thus, it also provides no basis for recusal.

Likewise, the Court finds that the Defendant has failed to present a valid argument for a change of venue in this case. The Constitution provides that a defendant has a right to be tried where the crime was allegedly committed. U.S. Const. art. III. This provision is interpreted to mean in the district where the crime is alleged to have occurred, unless a statute or rule directs otherwise. *See* Fed. R. Crim. P. 18. In the instant case, the First Superseding Indictment [Doc. 81] alleges that, at all times relevant to the charges, the Defendant resided in Alcoa, Tennessee, within the Eastern District of Tennessee. Count One alleges that the Defendant presented a fictitious financial instrument to the Alcoa, Tennessee branch of Regions Bank. Count Two

alleges that the Defendant, in the Eastern District of Tennessee, prepared and presented to the IRS electronically a false claim for a tax refund. Accordingly, venue in this case properly lies in the Eastern District of Tennessee.

The Sixth Amendment guarantees a defendant the right to a trial by an impartial jury. U.S. Const., amend. VI. This right is effectuated by impaneling a jury of impartial, "indifferent" jurors who render a verdict based on evidence adduced at trial. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). If pretrial publicity jeopardizes a defendant's right to a fair trial by an impartial jury, the trial court should grant the defendant a change in venue. *Id.* at 722-24. However, in the instant case, the Defendant does not allege that her right to an impartial jury is in jeopardy. Moreover, her summary statement of "False light through local media" [Doc. 115-1, p. 1], which the undersigned has generously interpreted to be an argument that the local media has portrayed her in a false light, is unsupported. The Defendant does not point to a single newspaper article or media report about her or her case. Instead, the Defendant fixates on her desire for different judges to preside over her case. The Court observes that a change in venue would be effectuated by holding the trial in another district or by empaneling a jury from another district, neither of which would automatically result in this case being assigned to different judges.

In summary, the Defendant's motions for recusal of Chief Judge Reeves [Doc. 120-1] and the undersigned [Doc. 119-1], along with her motion for a change of venue [Doc. 115-1], are **DENIED** as untimely and without merit.

VI. **CONCLUSION**

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Last Will and Testament of Marilyn Yvette Powell [Doc. 112-1] is **ORDERED WITHDRAWN**;

(2) The Defendant's Motion for the Court to Take Judicial Notice of the Fact, a Man or Woman Do[es] Not have to be "Sovereign" to Discharge Debt in Reference to HJR 192, Just a U.S. Citizen [**Doc. 113-1**] is **DENIED as moot**;

(3) The Defendant's Motion to Produce Proof that Chief Judge Pamela L. Reeves is an Article III Judge [**Doc. 114-1**] is **DENIED as moot**;

(4) The Defendant's Motion for Change of Venue [**Doc. 115-1**] is **DENIED** as untimely and without merit;

(5) The Defendant's Motion to Produce Civil Case # 3:13-cv-00065-TAV-HBG for Background Evidence in the United States Harrassment [sic] [**Doc. 116-1**] is **DENIED** as vague and premature;

(6) The Defendant's Motion to Use USA Discovery as Rebuttal Evidence [**Doc. 117-1**] is **DENIED** as vague and premature;

(7) The Defendant's Motion for United States Magistrate Judge Debra C. Poplin to Recuse Herself from the Above Style[d] Case [**Doc. 119-1**] is **DENIED** as untimely and without merit;

(8) Motion for United States Chief Judge Pamela L. Reeves to Recuse Herself from the Above Style[d] Case [**Doc. 120-1**] is also **DENIED** as untimely and without merit, and

(9) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Defendant.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge