UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-19 |
| | ) | |
| MARILYN YVETTE COOK, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

The Defendant, Marilyn Cook, filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 203] based on her health conditions and the COVID-19 pandemic.[1] Because the factors in 18 U.S.C. § 3553(a) do not support a reduction under Section 3582, the Court denies her motion.

I.  *Background*

On July 31, 2019, a jury found Ms. Cook guilty of one count of presenting a fictitious financial statement, in violation of 18 U.S.C. § 514(a)(2), and one count of presenting a false claim to the United States, in violation of 18 U.S.C. § 287(a). The offense conduct for these convictions spanned from July 2016 to October 2017, during which time Ms. Cook presented paperwork to the Knox County Register of Deeds to fraudulently establish a trust after acquiring an employee identification number from the IRS; attempted to make a Uniform Commercial Code filing referencing a $300 million bond and a false affidavit with the Blount County Register of Deeds;

---

[1] Ms. Cook is also pursuing a direct appeal of her sentencing in the instant case [Sixth Circuit No. 20-5622]. A district court generally loses jurisdiction over a case once a notice of appeal is filed; however, under Federal Rule of Criminal Procedure 37(a), the district court retains jurisdiction to deny a motion for compassionate release while a direct appeal is pending. *See United States v. Gowder*, No. 20-6117, 2021 WL 1328601, at *2 (6th Cir. Mar. 1, 2021).

1

attempted to deposit a fraudulent $500,000 check into a fraudulent trust account; presented fake bonds to secure a $1 million "bill of exchange" at Regions Bank; and established a fraudulent charity to make refund claims and withholding reports to the IRS using fraudulently obtained personally identifiable information [Doc. 153, ¶¶ 6–13]. The amount of intended loss related to the scheme totaled $1,251,925 [Doc. 153 at ¶ 14].

Ms. Cook has a substantial criminal history. That history includes convictions for financial transaction card fraud; passing worthless checks (six (6) counts in total); mail fraud; and aiding and abetting the making of false, fictitious, or fraudulent claims against the United States (three (3) counts in total) [Doc. 153 at ¶¶ 32–38]. Ms. Cook has victimized indigent and vulnerable individuals [Doc. 153 at ¶ 38]. She has also demonstrated an inability to comply with the terms of supervised release and probation [Doc. 153 at ¶¶ 37–38], including committing additional offenses while on supervised release [*Id.* at ¶ 38].

The Court sentenced Ms. Cook on June 12, 2020, nearly three months after a national emergency concerning COVID-19 was declared; Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020); and during a time in which the Centers for Disease Control and Prevention (CDC) reported increased positive testing for the disease. *See* Ctrs. for Disease Ctrl. & Prevention, *COVIDView Summary ending on June 20, 2020*, https://rb.gy/7vajrb (June 26, 2020) (last accessed May 12, 2021). At sentencing, the Court concluded that Ms. Cook's conduct constituted "serious criminal offenses that create enormous harm in our community" and that she "disregard[ed] legal authority," and had "not learned to respect the law" [Doc. 191 at 20]. The Court further asserted that Ms. Cook's "demeanor during court proceedings and the tone of her written court filings oftentimes exhibit a volitional lack of cooperation and disregard for the judicial system[,]" including "repeatedly question[ing] the legitimacy of the Court and the authority of judicial

2

officers to preside over matters in this case" [Doc. 100 at 4]. Such conduct "cause[d] the Court grave concern about her willingness to follow the orders of the Court" [Doc. 100 at 5].

As reflected in Ms. Cook's presentence investigation report, her offense conduct and criminal history yielded an advisory guidelines range of 41 to 51 months imprisonment [Doc. 191 at 11]. The Court sentenced Ms. Cook to 51 months imprisonment, at the top of the applicable advisory guidelines range. To date, Ms. Cook has served approximately 37 months of her 51-month sentence.

Ms. Cook now moves to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 203]. She requests that the Court reduce her sentence to time served and convert her remaining sentence to supervised release with a condition of home confinement for an appropriate term [*Id.* at 1]. In support of her request, Ms. Cook, who is 58 years old, argues that medical conditions including multiple sclerosis, hypertension, and asthma put her at high risk of complications from COVID-19 were she to contract the disease while incarcerated [Doc. 203 at 2]. The Government opposes her motion [Doc. 205].

II.  *Discussion*

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and

3

compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because the third compassionate-release requirement is dispositive, the Court begins its analysis there.[2] A jury convicted Ms. Cook of two fraud offenses in which she attempted to defraud financial institutions and the United States of over $1,000,000 [Doc. 153 at ¶¶ 14–15]. In June 2020, with knowledge of Ms. Cook's medical conditions and information about the COVID-19 pandemic available at the time, the sentencing court considered the Section 3553(a) factors and concluded that a sentence at the top of the advisory guidelines range was sufficient, but not greater than necessary for Ms. Cook.

Ms. Cook has a history of extensive fraudulent activity, and her instant conviction is for "just one of the many sophisticated fraudulent schemes" she has perpetrated [Doc. 205 at 9]. To be sure, multiple sclerosis, hypertension, and asthma are serious medical conditions—even where the CDC has not expressly recognized those conditions as increasing the risk of severe illness from COVID-19 and even as vaccinations are becoming more commonplace. But Ms. Cook has demonstrated a lack of respect for the law and "disregard for the judicial system" [Doc. 100 at 4] such that the Court continues to have "grave concern about her willingness to follow the orders of the Court" [Doc. 100 at 5]. Although Ms. Cook's crimes have been nonviolent, she has preyed on

---

[2] As an initial matter, Ms. Cook has satisfied the threshold exhaustion requirement [*see* Doc. 205 at 1; Doc. 203-3].

4

vulnerable and indigent individuals [Doc. 153 at ¶ 38]. The public must be protected from those, like Ms. Cook, who engage in financially predatory behavior.[3] The sheer number, frequency, and escalation of Ms. Cook's crimes indicate that she had not yet been adequately deterred from unlawful activity. Having considered all of the Section 3553(a) factors, a reduction of sentence is not appropriate.

Because the Section 3553(a) factors do not support a reduction of Ms. Cook's sentence, the Court need not specifically address the other prerequisites listed in § 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Ms. Cook's motion is accordingly **DENIED**.

**IT IS SO ORDERED**.

KATHERINE A. CRYTZER
United States District Judge

---

[3] As appropriate, the district courts in this Circuit have regularly denied compassionate-release motions filed by those with nonviolent fraud convictions. *See, e.g., United States v. Williams*, 2021 WL 1037723 (E.D. Mich. Mar. 18, 2021); *United States v. Shah*, 476 F.Supp.3d 619 (E.D. Mich. 2020); *United States v. Shah*, 2020 WL 1934930 (E.D. Mich. Apr. 22, 2020).

5