UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MARILYN YVETTE COOK, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:23-CV-85-KAC-DCP |
| | ) | | 3:18-CR-19-KAC-DCP-1 |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION & ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

A jury convicted Petitioner Marilyn Yvette Cook of (1) presenting a fictious financial instrument, in violation of 18 U.S.C § 514(a)(2), and (2) presenting a false claim to the United States, in violation of 18 U.S.C. § 287(a) [Doc. 171].[1]  The Court sentenced Petitioner to fifty-one (51) months' imprisonment and five (5) years of supervised release [*Id.* at 2-3].  The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence [Doc. 215].  Petitioner timely filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 219; *see also* 3:23-CV-85, Doc. 1].  The United States opposed [3:23 CV-85, Doc. 4]  and  Petitioner  replied [3:23-CV-85, Doc. 5].  For  the  foregoing reasons, the Court denies Petitioner's Section 2255 Petition.

### I.     BACKGROUND

On July 7, 2016, Petitioner "filed a document entitled the Marilyn Yvette Powell Revocable Living Trust" with the Knox County Register of Deeds in Knoxville, Tennessee [Doc. 153 ¶ 7,

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, case number 3:18-CR-19.

*sealed]. She submitted the same document to the Internal Revenue Service ("IRS") three days later and received an Employer Identification Number ("EIN") [*Id.*]. In September 2017, Petitioner used the trust document and the EIN to open a checking account at Regions Bank in Alcoa, Tennessee [*Id.* ¶ 8]. On October 5, Petitioner attempted to deposit a $300,000,000 bond and a $300,000,000 "Private Registered Indemnity Bond" with the Blount County Register of Deeds [*Id.* ¶ 9]. Those documents bore United States Treasury Department and United States Treasury Secretary information [*Id.*]. Petitioner filed an "Affidavit" with the Blount County Registrar of Deeds on October 9, claiming that "she intended to conduct business as a private banker" [*Id.* ¶ 10]. On October 11, Petitioner attempted to deposit a check for $500,000 at the Regions Bank in Alcoa [*Id.* ¶ 11]. A Bank employee informed Petitioner that she would need to meet with Bank employees to complete the transaction [*Id.*]. A Bank employee noticed that the check "was not like the ones she had seen before" but Petitioner "advised that it was a check drawn on a private trust" [*Id.*].

Petitioner met with two Bank employees on October 12, attempting to deposit a $1,000,000 "Bill of Exchange" allegedly backed by United States securities [*Id.* ¶ 12]. In support, Petitioner "provided the employees with fake bonds that appear[ed] to have been issued by the Treasury Department, with a total value of $101 billion" [*Id.*]. The Bank accepted the "Bill of Exchange" and turned it over to the Alcoa Police Department [*Id.*]. When Petitioner was informed that her "Bill of Exchange" had been given to the Police, she threatened "legal action and fees" [*Id.*].

Law enforcement agents began investigating Petitioner, found additional instances of tax fraud, and arrested her shortly thereafter [*Id.* ¶ 13; *see also* Doc. 10]. On June 12, 2020, a jury convicted Petitioner of (1) presenting a fictious financial instrument, in violation of 18 U.S.C § 514(a)(2), and (2) presenting a false claim to the United States, in violation of

18 U.S.C. § 287(a) [Doc. 171].   On May 10, 2022, the Sixth Circuit affirmed Petitioner's conviction and sentence [Doc. 215].

On March 7, 2023, Petitioner filed the instant Motion, alleging that her conviction was unlawful due to "commercial dishonor;" an "expatriation violation;" a violation of "Title 18, Chapter 13, § 241 and § 242;" and the Court "withheld the truth from the jury" [Doc. 219 at 1-8; *see also* 3:23-CV-85, Doc. 1-1 at 1-8].   The United States opposed the Petition, asserting that several of Petitioner's arguments are unreviewable because they have been previously rejected in this case; the remaining arguments have been procedurally defaulted; and even on the merits, no argument provides a basis for Section 2255 relief [3:23-CV-85, Doc. 4 at 2-7].

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct her judgment of conviction and sentence based on claims that:  (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).  When a case proceeds to trial, "an error of constitutional magnitude" is one that has a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  To obtain collateral relief under Section 2255, then, a petitioner "must

3

clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b); *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But an evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *See Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

The Court liberally construes a pro se Section 2255 petition. *See McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal-construction rule does not 'abrogate basic pleading essentials,' such as the requirement that a § 2255 petitioner state the factual bases

underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (internal citation omitted). Indeed, "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

### III. ANALYSIS

As an initial matter, no evidentiary hearing is required to assess this Section 2255 Petition. Petitioner's allegations are chiefly "conclusions rather than statements of fact," but where she offers some factual allegations, those allegations are "inherently incredible." *See Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). As such, the Court proceeds on the current record. Petitioner raises several claims for Section 2255 relief. Some of Petitioner's claims have likely been procedural defaulted because Petitioner failed to raise them on direct appeal. *See, e.g.*, *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citation omitted). Additionally, because the Court has already rejected at least some of Petitioner's claims,[2] Petitioner may be precluded from relitigated these arguments under the law-of-the-case doctrine. *See e.g.*, *Hagar v. United States*, No. 22-3171, 2022 WL 18228283, at *2 (6th Cir. July 26, 2022); *but see Edmonds v. Smith*, 922 F.3d 737, 740-41 (6th Cir. 2019). At bottom, though, even considering Petitioner's claims on the merits, they "are contradicted by the record, inherently incredible, [and] conclusions rather than statements of fact." *See Valentine*, 488 F.3d at 333 (quotation omitted); *see also Gabrion*, 43 F.4th at 578. Accordingly, the Court denies Petitioner's Motion as set forth below.

---

[2] *See United States v. Cook*, No. 3:18-CR-19, 2019 WL 2721305, at *4 (E.D. Tenn. June 28, 2019) (citation omitted).

### A. Petitioner's Sovereign Citizen Claims Are Patently Frivolous And Provide No Basis For Section 2255 Relief.

Petitioner raises three claims for relief that are "shop worn" and "patently frivolous" "sovereign citizen tropes that have long been summarily rejected." *See Cook*, 2019 WL 2721305, at *4 (citation omitted). These arguments are "dense, complex, and virtually unreadable." *See id.* Liberally construed, Petitioner also raises two claims of prosecutorial misconduct related to her first and third claim. None of these claims entitle Petitioner to relief.

*First*, Petitioner's claim of "commercial dishonor" is frivolous. Initially, it is not clear what precise legal basis Petitioner relies on for this claim [*See* 3:23-CV-85, Doc. 1-1 at 1-5]. To the extent this argument is based on the Uniform Commercial Code ("UCC"), [*see id.* at 1-2], Petitioner is not entitled to relief. Indeed, the UCC "is not applicable in criminal proceedings." *See United States v. Holloway*, 11 F. App'x 398, 400 (6th Cir. 2001) ("Any contention" that the UCC is a "potential defense" to criminal prosecution "would be frivolous"). To the extent Petitioner relies on House Joint Resolution 192 suspending the Gold Standard, [*see* 3:23-CV-85, Doc. 1-1 at 1], that argument is equally unavailing. That "action by Congress ha[s] no conceivable bearing on" Petitioner's "criminal proceedings." *See Thompson v. Thompson*, No. 05-CV-73451-DT, 2011 WL 1885768, at *1 (E.D. Mich. May 18, 2011).

In an attachment to this claim, Petitioner asserts that the prosecutor committed "fraud, misrepresentation, piracy," "trespass," and "commercial violations" stemming from his "refusal to send written confirmation of the settlement of" Petitioner's criminal prosecution [*See* 3:23-CV-85, Doc. 1-1 at 3-4]. Liberally construed, the argument appears to be that the prosecutor's failure to "settle" Petitioner's federal criminal prosecution under the UCC amounts to prosecutorial misconduct. To be sure, "[w]hen a petitioner makes a claim of prosecutorial misconduct, the touchstone of due process analysis is fairness of the trial, not culpability of the prosecutor."

6

*See Serra v. Mich. Dep't of Corrs.*, 4 F.3d 1348, 1355 (6th Cir. 1993) (cleaned up). In the Section 2255 context, too, the Court's "role is to determine whether the conduct was so egregious so as to render the entire trial fundamentally unfair." *Id.* (quotation and citations omitted). Here, even liberally construed, Petitioner's argument is "inherently incredible" and therefore meritless. *See Valentine*, 488 F.3d at 333 (quotation omitted).

*Second*, Petitioner is not entitled to Section 2255 relief based on an alleged "expatriation violation" either. This argument asserts that Petitioner is not subject to the Court's jurisdiction because she "expatriated out of the United States" and the Court only has jurisdiction over "14th Amendment subject citizens" [3:23-CV-85, Doc. 1-1 at 5-6]. This argument, however, "is completely without merit and patently frivolous." *See United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *see also Stephens v. United States*, No. 1:11-cr-136-7, 1:16-cv-832, 2018 WL 1522080, at * 2 (S.D. Ohio Mar. 28, 2018) ("[A]rguments that a person is a sovereign citizen and not subject to the laws of the United States have uniformly been rejected as lacking any foundation in law.").

*Third*, to the extent Petitioner's third ground for relief—an alleged violation of 18 U.S.C. §§ 241, 242—is premised on her supposed status as a "non-participatory American," the argument lacks legal merit. *See Mundt*, 29 F.3d at 237. And to the extent Petitioner intends to allege a violation of federal criminal law, the claim fails, too. Sections 241 and 242 "do not provide a basis for civil liability." *See Ackley v. Twp. of Howland, OH Police Dep't*, No. 22-3229, 2023 WL 5970393, at *4 (6th Cir. Apr. 10, 2023) (citing *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.")).

Liberally construing this claim, the other potential basis for Section 2255 relief is for prosecutorial misconduct stemming from a supposed violation of Sections 241 and 242. But Petitioner provides no facts to support any such claim. She merely asserts that some "federal employee or officer violated her natural rights that are secured by the" Constitution [3:23-CV-85, Doc. 1-1 at 8 (cleaned up)]. That conclusory allegation is "insufficient to state a valid claim under § 2255." *See Gabrion*, 43 F.4th at 578; *see also Jimenez*, 2022 WL 2610337, at \*3 n.3.

### B. Petitioner's Remaining Claims Lack Merit And Provide No Basis For Section 2255 Relief.

Petitioner raises three more arguments for relief under her claim that the Court "withheld the truth from the jury" [3:23-CV-85, Doc. 1-1 at 9]. Each is fundamentally flawed. She alleges that (1) "the Constitution is of no protection" in "Equity/Admiralty jurisdictions," (2) the Court "lied and withheld the truth about the jury's power to judge the law as well as the facts," and (3) "the United States District Court is not a true United States Cour[t] established under Article III of the [C]onstitution" [*Id.*].

*First*, the Court had, and has, "original jurisdiction" over "all offenses against the laws of the United States," *see* 18 U.S.C. § 3231, and the Constitution has been "the supreme law of the land" since its adoption—providing protections to defendants. *See, e.g.*, *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 410 n.1 (1792); *see also Marbury v. Madison*, 5 U.S. (1 Cranch.) 137, 180 (1803); *United States v. Fisher*, 6 U.S. (2 Cranch.) 358, 384 (1806); U.S. Const. art. VI. Petitioner's contrary argument lacks merit. *Second*, "judges, not juries," determine the law that applies in a case. *See Wells Fargo Bank, N.A. v. Allstate Ins. Co.*, 784 F. App'x 401, 403 (6th Cir. 2019) (citation omitted); *see also United States v. Dedman*, 527 F.3d 577, 587 (6th Cir. 2008) (citations omitted). Petitioner's contention that the Court "withheld the truth about the jury's power to judge the law," is inaccurate. *Finally*, this Court is an Article III Court established

8

under the Constitution and federal law.  *See* U.S. Const. art. III, § 1, cl 1; *see also* 28 U.S.C. § 123.

Petitioner's contrary argument lacks merit.

## IV. CONCLUSION

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** Petitioner's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 219; *see also* 3:23-CV-85, Doc. 1] and **DISMISSES** Petitioner's civil action, 3:23-CV-85-KAC-DCP.  An appropriate judgment shall enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, now that the Court has entered a final order adverse to Petitioner, the Court must "issue or deny a certificate of appealability."  A certificate of appealability may issue only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claims is "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, no reasonable jurist would question the Court's analysis of Petitioner's claims.  Accordingly, the Court **DENIES** a certificate of appealability.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

9